992 F.2d 1053
 James K. BUTLER, Plaintiff-Appellee,
v.
The CITY OF NORMAN, a municipal corporation; The Cleveland
County Board of County Commissioners; John Walsh,
Cleveland County Sheriff, in his
official capacity, Defendants,
and
David T. Boyett, Chief of Police for the City of Norman, in
his official capacity and individually; Michael D. Freeman,
in his official capacity and individually; Steve Flint, in
his official capacity and individually, Defendants-Appellants.
 No. 92-6264.
 United States Court of Appeals,
Tenth Circuit.
 April 28, 1993.
 
 Jim T. Priest of McKinney, Stringer & Webster, P.C., Oklahoma City, OK, for defendants-appellants.
 Marilyn D. Barringer, Oklahoma City, OK, for plaintiff-appellee.
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 HOLLOWAY, Circuit Judge.
 
 
 1
 Plaintiff James K. Butler initiated this action under 42 U.S.C. § 1983, seeking recovery for alleged violations occurring in connection with his arrest on February 25, 1990, in Norman, Oklahoma. Plaintiff alleges that excessive force was used, that he was denied needed medical care, and that he was forced to undergo an illegal strip search. The facts as alleged by the parties are adequately set forth in the district court's Order on Defendants' Motions for Summary Judgment entered on July 16, 1992. Three defendants who were sued in their individual capacities appeal from the district court's denial of their motion for summary judgment asserted on the basis of qualified immunity.[1] App. at 000938. We exercise jurisdiction under 28 U.S.C. § 1291, see Mitchell v. Forsyth, 472 U.S. 511, 526-27, 530, 105 S.Ct. 2806, 2815-16, 2817, 86 L.Ed.2d 411 (1985);[2] Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 644 (10th Cir.1988).
 
 
 2
 Our review of the district court's order covers one basic issue. These defendants raise only the question whether Chief David Boyett and Officers Michael Freeman and Steve Flint enjoy qualified immunity from Butler's claim that the arresting officers used excessive force. (Appellants' Br. at 1-2.) On appeal these defendants also argue that they have qualified immunity from the claim arising from the strip search. However, the latter argument was not made below, (Doc. 27, Br. in Opp. to Mot. for Summ. J. at 18), and will not be considered here. Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991).
 
 
 3
 Our review of the denial of qualified immunity is de novo. Considine v. Board of County Comm'rs, 910 F.2d 695, 702 (10th Cir.1990). We have previously set out the procedure for analyzing a defense of qualified immunity:
 
 
 4
 First, the defendant must raise the defense of qualified immunity. Once the defendant has adequately raised the defense, the plaintiff must show that the law was clearly established when the alleged violation occurred and come forward with facts or allegations sufficient to show that the official violated the clearly established law. Then the defendant assumes the normal summary judgment burden of establishing that no material facts that would defeat his claim for qualified immunity remain in dispute. Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991); Powell v. Mikulecky, 891 F.2d 1454, 1457 (10th Cir.1989).
 
 
 5
 Woodward v. City of Worland, 977 F.2d 1392, 1396-97 (10th Cir.1992).
 
 
 6
 It was clearly established by the time of Butler's arrest in February 1990 that a claim of excessive force by officers in the course of an investigatory stop, arrest, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its standard of objective reasonableness under the circumstances. Graham v. Connor, 490 U.S. 386, 395, 399, 109 S.Ct. 1865, 1871, 1873, 104 L.Ed.2d 443 (1989). At the time of Butler's arrest, we generally examined claims of post-arrest, pretrial violence and abuse under the more onerous substantive due process standard requiring, in addition to undue force, personal malice amounting to an abuse of official power sufficient to shock the conscience. Frohmader v. Wayne, 958 F.2d 1024, 1027 (10th Cir.1992). It has been held that the presence of an arrestee in jail and the completion of the booking process marks the line between "arrest" and "detention." Titran v. Ackman, 893 F.2d 145, 147 (7th Cir.1990). On the other hand, the Supreme Court of Idaho has held that arraignment is the break between arrest and detention for determining whether the Fourth Amendment protection or due process applies. Grant v. City of Twin Falls, 120 Idaho 69, 813 P.2d 880, 886 (1991). Here we need not decide the precise point at which pretrial detention commenced as to Butler because all of the challenged conduct occurred during the course of the investigatory stop and arrest of Butler who was not charged or arraigned until later.
 
 
 7
 Here defendants' motion for summary judgment involves whether they can demonstrate that there is no material factual dispute that the force applied in their contact with plaintiff was objectively reasonable, applying Fourth Amendment protection in accord with Graham. Upon our independent review of the record on appeal, we agree with the district court's conclusion that genuine issues of material fact exist concerning the plaintiff's excessive force claim, as explained below. "Courts may not resolve disputed questions of material fact in order to grant summary judgment." Frohmader v. Wayne, 958 F.2d at 1028 (reversing summary judgment dismissing excessive force claim).
 
 
 8
 We turn to the factual assertions in Butler's deposition, although they are sharply contested. We do so because in considering whether a summary judgment should have been granted, reviewing the ruling de novo we resolve all factual disputes and draw all inferences in favor of the nonmoving party. Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 407, 116 L.Ed.2d 355 (1991). Thus viewing the record in the light most favorable to Butler, his deposition shows these factual assertions: Butler was driving along Berry Road when he stopped suddenly after hitting a dog. (Doc. 41, Exh. 3 (Deposition of James Butler)). He said that in looking for the dog he walked back to the pickup which had stopped behind him. Id. at 27. According to the deposition, Officer Freeman ordered Butler to step away from the truck, all the while gesturing towards his service revolver. Id. at 30. Butler testified that he asked why and was told he was under arrest for resisting arrest. Id. at 29. Officer Flint was also present at this time.
 
 
 9
 At that point a backup police car arrived and a third officer got out. Id. at 35. Butler's deposition states that the three officers then rushed him, tackled him, and threw him face first into the bed of the pickup. Id. at 36. According to Butler, the officers then handcuffed his hands behind his back and beat him with flashlights. Id. at 37-38. After a minute of such beating, Butler said he was kneed in the groin and shoved into a patrol car. Id. at 48. He testified that during the beating Freeman taunted him saying, "Let's see how bad you are now big boy." Id. at 38. Butler claims that although he did not fight back, id. at 42, he was left with bruises over his entire body, id. at 41, and the skin was torn off his hands and arms, id. at 42. Butler was ultimately treated for his injuries in the emergency room of the Norman Regional Hospital. Id. at 44. Butler was taken to the Cleveland County jail where he states Officer Freeman shoved him face-first into a wall with his hands still handcuffed behind him. Id. at 97. Butler was charged with a variety of misdemeanors, but was acquitted on all counts.
 
 
 10
 The testimony outlined above is clearly sufficient to show a genuine issue of material fact as to Butler's excessive force claim against Officers Freeman and Flint. His showing was sufficient to support a claim of violation of clearly established law under Graham v. Connor and Fourth Amendment principles so as to avoid a summary judgment in favor of Freeman and Flint based on qualified immunity. Mitchell v. Forsyth, 472 U.S. at 526, 105 S.Ct. at 2815.
 
 
 11
 However, to avoid summary judgment in Chief Boyett's favor on the excessive force claim, plaintiff Butler has a further burden. A supervisor is not liable under § 1983 unless an "affirmative link" exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir.1988). To establish this affirmative link, Butler points to no evidence other than the incident with Butler itself and a claim that no action was taken against the officers after the incident.
 
 
 12
 Butler argues that Boyett has liability as a policymaker for the City of Norman; that his constitutional deprivations arise from government custom and policy; and that the City can act only through its supervisors and principal officials. (Appellee's Answer Br. at 41.) This argument is really tied to the strip search claim which is not properly before us. As to the excessive force claim, the arguments are not persuasive. Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (opinion of Rehnquist, J.). Furthermore, "we cannot hold that the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability under Monell." Santiago v. Fenton, 891 F.2d 373, 382 (1st Cir.1989).
 
 
 13
 Similarly, then, in this case an isolated incident even coupled with a failure to discipline is inadequate to support a finding of an affirmative link between the actions of the arresting officers and Chief Boyett. His motion for summary judgment, on qualified immunity grounds, against the excessive force claim should have been granted.
 
 
 14
 The order of the district court insofar as it denied summary judgment, sought on qualified immunity grounds by Officer Freeman and Officer Flint against Butler's excessive force claim, is AFFIRMED. Insofar as the order denied summary judgment, sought by Chief Boyett on qualified immunity grounds against plaintiff Butler's excessive force claim, the order is REVERSED, and the district court is directed to grant such summary judgment in favor of Chief Boyett. The case is REMANDED to the district court for further proceedings in accord with this opinion.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 In Mitchell the Court held:
 Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.... Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.
 472 U.S. at 526, 105 S.Ct. at 2815.