**Posr Amojo POSR, Plaintiff,**

v.

**CITY OF NEW YORK, a municipal entity; Lee Brown, Police Commissioner City of New York, Defendants.**

**No. 92 Civ. 4558 (CSH).**

United States District Court, S.D. New York.

Sept. 7, 1993.

---

James I. Meyerson, New York City, for plaintiff.

Richard Schulsohn, Asst. Corp. Counsel, Law Dept., City of NY 313E, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This case is before the court on defendants' motions to dismiss all claims and to impose sanctions against plaintiff. Additionally, the New York City Chapter of the National Congress of Puerto Rican Affairs seeks to intervene in this action. For the reasons set forth below, defendants' motion to dismiss is granted, and the motion to intervene is denied.

### BACKGROUND

Plaintiff Posr was involved in an altercation with two New York City police officers, Kevin Doherty and Thomas Holihan, on February 14, 1987, during a march and demonstration protesting conditions for the homeless in New York City. Plaintiff then filed suit pursuant to 42 U.S.C. § 1983, alleging that he was unconstitutionally and unlawfully beaten, arrested, and jailed for forty hours. See Johnson[1] v. Doherty, 87 Civ. 6575 (RWS) ("Posr I"). Named in the complaint were the two police officers and the City of New York (the "City").

Prior to trial, plaintiff entered into a stipulation agreeing to withdraw the claims against the City with prejudice. That stipulation was so ordered by Judge Sweet on July 18, 1988. Plaintiff then proceeded to trial against the two police officers. Following a jury trial presided over by Judge Sweet, the jury found both officers liable for using excessive force. The jury also found Holihan, but not Doherty, liable for false arrest. Doherty was also found not liable for malicious prosecution. The false arrest verdict against Holihan was reversed in a judgment N.O.V. granted by Judge Sweet.

On appeal, the Second Circuit affirmed the verdicts with respect to excessive force, but remanded for a new trial on the false arrest claim as to Holihan and the malicious prosecution claim. In December, 1991, the parties reached a settlement which would avoid them having to retry the matter: the plaintiff received $75,000 in compensatory damages plus interest from the date of judgment, and plaintiff's counsel received over $143,000 in attorney's fees.

In May, 1992, plaintiff filed this action ("Posr II"). Posr's complaint essentially alleges that the New York City Police Department failed to discipline Doherty and Holihan, even after a jury had found they used excessive force, in violation of Posr's constitutional rights.

It is not easy to discern plaintiff's legal arguments. The pleadings and brief in opposition are more rhetorical than substantive. However, as best the Court can determine, plaintiff proffers two legal theories in support of his claim. First, he alleges that defendants' failure to discipline the two officers, after a jury finding of police brutality, is a municipal policy which encourages police officers to use excessive force (or fails to discourage them from doing so)[2]. See Plaintiff's complaint, ¶ 38. Second, Posr appears to allege that the judgment he won in the District Court vested him with a property right in seeing that the officers be appropriately disciplined. The defendants' failure to discipline the officers unconstitutionally deprives him of property without due process of law.

Underlying both of plaintiff's arguments is his contention that once police officers are found to have acted wrongly by civil juries, the police commissioner and the City of New York have no discretion and must impose discipline.

Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b), raising a number of legal arguments. First, defendants contend that plaintiff's claim is barred by the doctrine of res judicata, since it arises out of the same course of events as Posr I, where the plaintiff stipulated to a dismissal of his claims against the City with prejudice. Second, defendants allege that plaintiff lacks standing

---

1. At the time of arrest up to the eve of trial before Judge Sweet, plaintiff was named Charles Johnson. Plaintiff then had his name legally changed to Posr Amojo Posr.

2. This theory is not raised in plaintiff's Memorandum of Law in Opposition (hereinafter "Plaintiff's Brief"). The Court will assume for the purposes of this motion that plaintiff does not intend to withdraw this argument.

to maintain this action, in contravention of Article III of the Constitution. Third, defendants allege that plaintiff has failed to satisfy the requirements of *Monell,* thereby precluding them from maintaining a § 1983 action against a municipality. Fourth, defendant alleges that plaintiff has failed to demonstrate any violation of either the Thirteenth or Fourteenth Amendments. Because I find that plaintiff lacks standing, and he fails to allege a violation of his constitutional rights, I need not reach the other defenses raised by defendants.

## DISCUSSION

■ On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the trial court's function is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered...." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980). The sole issue is whether the claimant is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). This Court should grant the motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). On a motion to dismiss, a district court must accept the plaintiff's allegations as true. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2942, 92 L.Ed.2d 209 (1986). The district court must construe the allegations favorably to the claimant. *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991). "In general, actions in civil rights cases should not be dismissed at the pleading stage unless it is certain that the plaintiff can prove no set of facts that would entitle him to relief." *Williams v. Codd,* 459 F.Supp. 804 (1978) (citing *Escalera v. New York City Housing Authority,* 425 F.2d 853 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970)).

## I. Plaintiff's Lack of Standing

Defendants allege that plaintiff's complaint should be dismissed because plaintiff fails to satisfy the case-and-controversy requirement imposed by Article III of the Constitution. The current view of the Supreme Court is that a plaintiff can establish standing only if he can show that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct ..." *Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1982), citing cases. Defendants contend that plaintiff cannot show any injury, real or imminent, arising out of the City's failure to punish Doherty and Holihan.

■ Plaintiff clearly lacks standing to maintain his claim based upon his first theory, if indeed the Court is interpreting it correctly, that an alleged City policy of not disciplining officers who are found by civil juries to have engaged in the use of excessive force actually encourages them to use excessive force[3]. *See Lyons,* 461 U.S. 95, 103 S.Ct. 1660. The plaintiff in *Lyons* alleged that after he was pulled over by officers in a routine traffic stop, the officers, without provocation or justification, seized him and applied a "chokehold". He filed suit seeking a preliminary and permanent injunction barring the use of chokeholds. The Supreme Court dismissed his claim on the ground that he lacked standing.

The Court found that Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers. His inability to demonstrate that he faced a real and immediate threat of again being illegally choked denied him the standing necessary to obtain injunctive relief. *Id.* at 107, 103 S.Ct. at 1668. It was not enough for plaintiff to allege that the police in Los Angeles routinely apply chokeholds in situations where they are not threatened by the use of deadly force; he would have to show that he personally faced the threat of being placed in a chokehold again. *Id.* at 105, 103 S.Ct. at 1666.

---

**3.** Plaintiff does not allege that the City's failure to discipline the officers contributed to the 1987 incident. Plaintiff could not make this claim, as it was waived with prejudice in the 1988 stipulation.

Under the principles set forth by the Court in *Lyons*, plaintiff has standing only if he can establish that he is likely to suffer future injury from police officers using excessive force because they were not disciplined, or believed they would not be disciplined if they did so. Plaintiff makes no such allegation. Indeed he seems to disavow such a possibility. "The Plaintiff does not contend, either, that the offending Police Officers Holihan or Doherty will, in fact, necessarily engage in the same conduct against him in the future ..." Plaintiff's Brief, at 3.

Plaintiff's attempts to distinguish *Posr II* from *Lyons* are unavailing. Admittedly, the plaintiff in *Lyons* was seeking a negative injunction while the plaintiff here seeks an affirmative injunction. However, I find this to be a distinction without difference. .

■ Plaintiff also lacks standing to maintain this action under his second theory, that the judgment vests in him a property right, and the failure of the City to discipline the officers deprives him of that property without due process of law. Plaintiff cannot show some threatened or actual injury resulting from the putatively illegal action, nor can he show that any injury is likely to be redressed by a favorable decision. *See Valley Forge College v. Americans United*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1981); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 41, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1975); *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973).

■ Plaintiff does not specifically allege that he has or will suffer any injury as a result of the City's inaction. Thus the Court is left to speculate what type of injury the plaintiff could possibly suffer if the officers are not disciplined. Plaintiff may be claiming that the failure to discipline the officers denies him a sense of satisfaction. Denial of satisfaction, however, is an insufficient basis for establishing standing. *See Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (plaintiffs' claim that they were stigmatized by the challenged policy was insufficient to constitute an injury for standing purposes).

Moreover, plaintiff cannot show that the relief he seeks will remove the harm. The Court cannot see how the City imposing discipline on the two police officers will benefit the plaintiff. Plaintiff will not be placed in a better position, particularly given that he does not claim to face any particular danger in becoming a victim of excessive force in the absence of any discipline.

Plaintiff's allegation that he has a property right in the judgment is insufficient to confer standing, since it is completely lacking in any legal foundation. *See* infra.

## II. Fourteenth Amendment Claims

Even if plaintiff had standing to complain, he does not state a viable claim.

To state a claim under 42 U.S.C. § 1983, plaintiff must demonstrate that he has been deprived of a right secured by the Constitution and the laws of the United States. Defendants contend that plaintiff has not sufficiently pled that he has been deprived of any constitutional right.

Plaintiff alleges that he has a property interest in the judgment rendered in the District Court, giving him an " 'entitlement' flowing from him to the City to have the offending officers disciplined." Plaintiff's Brief, at 18. As the Court reads plaintiff's complaint, he contends that the City's refusal to discipline the officers violates that property right.

Plaintiff cites a number of sources from which this property interest could arise: (1) the judgment against the New York City Police Officers; (2) the representation of those Officers by the City; (3) the failure of the City to discipline the officers prior to his initiating litigation; (4) the satisfaction of the money judgment against Officers Holihan and Doherty; (5) the fact that the wrongful arrest took place while the defendant was in the custody of the offending officers; and (6) the oath taken by the offending officers that they would uphold the laws of the United States and the State of New York. Plaintiff contends that a property right flows from each of those sources, or from a combination of them.

Other than the possibility of a property right arising out of the judgment entered in the District Court, plaintiff does not cite any support for the argument that any of these sources vested him with a property right. The oath the offending officers may have made, the fact that the City decided to represent the officers, and then indemnify the officers, have no effect on plaintiff. Those factors may define the relationship between the officers and the City, but they do not affect the rights of the plaintiff who was a stranger to those issues. The fact that the City declined to find that the officers engaged in excessive force prior to the initiation of *Posr I* likewise has no effect on the property entitlements of plaintiff.

The only source of plaintiff's claimed property right that he does offer any support for is the principle that an entitlement flowed from the entry of a judgment finding that the police officers engaged in the use of excessive force. Plaintiff cites to *Coffman v. Wilson Police Department*, 739 F.Supp. 257 (E.D.Pa. 1990), where a court found a property interest in a court order. *Coffman*, however, is completely distinguishable from the case at bar because the property right arising from the court order was an interest in seeing the terms of the order enforced.

In *Coffman*, a battered woman sought a restraining order barring her husband from entering her home, and from inflicting bodily injury on her. The order she obtained directed the police department to enforce the order. Despite the fact that her husband violated the order a number of times, the police declined to take any action. Shortly thereafter, her husband accosted her in a bank and shot her. From the time of the first protective order to the shooting, the police never restrained or arrested the husband. The plaintiff later sued the police department. The court found that the court order created a property interest. *Id.*, at 265.

█ *Coffman*, however, held that the property right created by the court order was that the court order would be enforced. It did not vest plaintiff with any rights other than what was specified in the order. The plaintiff in the case at bar is alleging that the property right created by the judgment went beyond what was set forth in the court order. There is no dispute that the judgment vested in him the right to collect certain monies to compensate him for his damages. However, plaintiff is claiming entitlement to property rights that go beyond the provisions of the judgment. He is alleging that the finding that police officers used excessive force gave rise to a right that he be able to require that the officers be disciplined. There is no support for that proposition.

Plaintiff may well have had an expectation that the officers would be disciplined following an adverse jury verdict. That expectation, however, did not rise to the level of a constitutionally protected interest. Accordingly, a City decision not to discipline the officers did not violate any of plaintiff's constitutional rights.

Plaintiff's claim fails largely because it is based on a shaky premise—that the City was without discretion and had no choice but to discipline the officers after a jury found them liable for using excessive force. It is true that a consistent failure to discipline can give rise to a finding that a municipality has a policy of not disciplining. See *Turpin v. Mailet*, 619 F.2d 196, 202–03 (2d Cir.1980); *Anderson v. City of New York*, 657 F.Supp. 1571 (S.D.N.Y.1987). No court, however, has ever held that a municipality is required to discipline every officer upon a finding of wrongdoing. "At the same time, it is not improper to fail to punish an officer for a single incident of illegal behavior." *Turpin, supra*, 619 F.2d at 202–03. *See also Butler v. City of Norman*, 992 F.2d 1053, 1056 (10th Cir.1993) ("we cannot hold that the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability under *Monell*."); *Berry v. McLemore*, 670 F.2d 30, 33 (5th Cir.1982) (an unconstitutional policy "cannot be inferred from a municipality's isolated decision not to discipline a single officer for a single instance of illegality."). In *Turpin*, the Second Circuit indicated that there can be many reasons for not disciplining an officer after a single incident.

There is no basis in law for plaintiff's claim that the City was without discretion, and had

an affirmative obligation to discipline the officers. Accordingly, plaintiff's claim is dismissed.

### III. Plaintiff's Other Claims

Plaintiff's Equal Protection and Thirteenth Amendment claims are equally without basis in the law. Defendants' motion to dismiss these claims is granted. As the motion to dismiss is granted as to all federal claims, the Court declines to assert jurisdiction over plaintiff's pendant state claims. Those claims are dismissed without prejudice.

### IV. Motion for Sanctions

■ Defendants ask for sanctions under Rule 11, Fed.R.Civ.P. While I have decided that the complaint must be dismissed, I think that plaintiff's counsel is making "a good faith argument for the extension" or "modification" of existing civil rights law. Counsel must also have preceded that effort by "reasonable inquiry." The case is close, but I decline to impose sanctions.

### V. Motion to Intervene

The New York City Chapter of the National Congress of Puerto Rican Rights (the "NCPRR") seeks to intervene in this action pursuant to Rule 24(b)(2), Fed.R.Civ.P. NCPRR alleges that it is an organization devoted to addressing issues of discrimination and rights violations against Puerto Ricans. It contends that the New York City Police Department has a policy of not punishing officers who are found to have engaged in excessive force, thus ratifying the wrongful conduct of the officers.

The Court is granting the defendants' motion to dismiss the complaint. Accordingly, there is no action in which the NCPRR may intervene, and its motion to do so is denied.

The defendants are directed to settle a judgment consistent with this opinion on seven (7) days' notice.

It is SO ORDERED.