Maria Dolores GONZALEZ, Plaintiff,

v.

CITY OF LAREDO, et al. Defendants.

Civ. A. No. L–94–16.

United States District Court,
S.D. Texas,
Laredo Division.

Jan. 10, 1995.

Luciano Adrian Rodriguez, Attorney–Mediator, Laredo, TX, pro se.

Richard Javier Gonzalez, Laredo, TX, for plaintiff.

Albert Lopez, Lawrence J. Souza, San Antonio, TX, and Nathan R. Bratton, Laredo, TX, for defendants.

*MEMORANDUM AND ORDER*

KAZEN, District Judge.

Pending before this Court is Defendant Patricia Orozco's motion to dismiss, or in the alternative, motion for summary judgment. This motion was originally referred to Magistrate Judge Notzon, who has recommended that Defendant Orozco's motion be denied. The Defendant objects to the Magistrate's recommendation.

This case arises out of the July 5, 1992 arrest of Plaintiff Maria Gonzalez by Laredo Police Department officer Guillermo Perez. After the arrest, Perez transported the Plaintiff to the Webb County Law Enforcement Center where she was booked and processed by Webb County detention officer Patricia Orozco. Orozco took the Plaintiff's medical history, searched the Plaintiff's person, and assisted the Plaintiff in the decontamination shower. A state judge released the Plaintiff on bond several hours later after charging her with evading arrest, resisting arrest, driving while intoxicated, and assault on a peace officer. The Plaintiff was tried on the assault charge and found not-guilty.[1]

Plaintiff sued the Chief of Police, Perez, several other Laredo Police officers, and Orozco under 42 U.S.C. § 1983 and state common law. It is unclear from the complaint how many § 1983 claims the Plaintiff brings against Defendant Orozco. All of the references to Orozco are found in the fourth and fifth paragraphs under the section entitled "Fourth Cause of Action: False Imprisonment, Malicious Prosecution, Malicious Abuse of Process and Invasion of Privacy, Denial of the Right to Counsel and Reasonable Bail, and Defamation." The fourth paragraph states that Orozco conspired with the other defendants to falsely imprison and maliciously prosecute the Plaintiff, and that Orozco intentionally made false entries on a medical questionnaire in order to conceal the injuries the Plaintiff sustained at the hands of Officer Perez. The fifth paragraph alleges that Orozco forced the Plaintiff to disrobe, shower with a shampoo designed to kill head lice, and expose her body cavities for a strip search.

Orozco moved to dismiss the complaint against her, and in the alternative, for summary judgment. However her brief in support of the motion discusses only the § 1983 claim for an unreasonable body search in violation of the Fourth Amendment. The

---

1. The record does not indicate whether the Plaintiff was tried or convicted on the other charges.

brief proffers three grounds for dismissal of this claim: (1) the search of the Plaintiff at the Law Enforcement Center was reasonable and did not violate the Fourth Amendment; (2) Orozco is protected by qualified immunity; and (3) Orozco is not liable in her official capacity.

Magistrate Judge Notzon properly treated this motion as one for summary judgment. He recommended that Orozco's motion be denied because of several issues of material fact: whether Orozco forced the Plaintiff to shower in a place where she could be seen by male guards; whether Orozco grabbed the Plaintiff's buttocks while conducting the body-cavity search; whether Orozco failed to record on a medical questionnaire the injuries the Plaintiff allegedly suffered during her arrest; and whether Orozco conspired with the other defendants to deprive the Plaintiff of her constitutional rights. Because of these issues of fact, the Magistrate also concluded that a ruling on the qualified immunity issue is premature. Finally, the Magistrate found Orozco's argument that she was not liable in her official capacity irrelevant since she was also sued individually. Defendant Orozco objects to the recommendation, arguing that no issue of material fact exists in this case.

*Discussion*

Defendant Orozco's motion deals only with an unreasonable search under the Fourth Amendment. Although the Magistrate's recommendation identifies several issues of fact relating to other possible § 1983 claims against Orozco, this Court will confine its analysis to the claim briefed by Orozco.

 The basis of the unreasonable search claim appears to be that Defendant Orozco conducted an unreasonable search of the Plaintiff's body cavities. In her first ground for summary judgment, Orozco argues that her search of the Plaintiff was reasonable under the circumstances and did not violate the Fourth Amendment. Summary judgment is appropriate only if the movant establishes that there is no issue of

material fact and that she is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This means that the movant must point out to the district court an absence of evidence to support the plaintiff's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Assuming the movant meets its burden, the opponent must then set forth sufficient facts to create a genuine issue of fact for trial. Failure to do so will result in summary judgment. Fed. R.Civ.P. 56(e).

The Court's analysis in this case must begin with *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). There the Supreme Court upheld as reasonable under the Fourth Amendment a federal detention facility's policy of requiring all pretrial detainees to expose their body cavities for visual inspection as part of a search conducted after contact visits with people from outside the facility. The Court stressed, though, that its holding does not condone all body-cavity searches. *Id.* at 560, 99 S.Ct. at 1885. Reasonableness depends upon a variety of factors, including "the scope of the particular intrusion, the manner in which it is conducted, the justification of initiating it, and the place in which it is conducted." *Id.* at 559, 99 S.Ct. at 1884.

The lower courts interpret *Bell* to permit visual body-cavity searches of arrestees, like the Plaintiff, charged with offenses associated with violence. *E.g., Thompson v. City of Los Angeles,* 885 F.2d 1439, 1447 (9th Cir. 1989) (permitting visual body-cavity search of person arrested for grand theft auto); *Lusby v. T.G. & Y. Stores, Inc.,* 749 F.2d 1423, 1434 (10th Cir.1984) (noting that a strip search is proper when a suspect is going to be placed in the general jail population and has been charged with a drug offense), *vacated . on other grounds,* 474 U.S. 805, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985); *Dufrin v. Spreen,* 712 F.2d 1084, 1089 (6th Cir.1983) (permitting visual body-cavity search of arrestee charged with felonious assault).[2]

**2.** The Court does recognize, though, that the courts of appeals are virtually unanimous in holding that persons arrested for minor offenses may not be strip-searched unless there is reason-

able suspicion that they harbor concealed contraband or weapons. *E.g., Stewart v. Lubbock County, Texas,* 767 F.2d 153, 156 (5th Cir.1985), *cert. denied,* 475 U.S. 1066, 106 S.Ct. 1378, 89

The Magistrate nonetheless determined that summary judgment is inappropriate here because of conflicting testimony regarding the manner in which the search was conducted. While Orozco states in her affidavit in support of her motion that she "made no physical contact" with the Plaintiff, the Plaintiff swears in her response that Orozco "grabbed her buttocks and checked her for contraband." Orozco replies in her opposition to the Magistrate's recommendation that this issue is not material since the Plaintiff's own deposition testimony establishes the reasonableness of the search. The Plaintiff stated in this deposition that the search was brief; that Orozco was at all times polite and courteous; and that her only complaint was that she was forced to undergo a strip-search at all.

■ The Court is nonetheless compelled to follow the Magistrate's recommendation. The issue of whether Orozco grabbed the Plaintiff's buttocks is material to the reasonableness of the search. In upholding the searches in *Bell*, the Supreme Court emphasized that the technicians did not touch the detainee's buttocks or genitals; the detainees themselves exposed their body cavities for visual inspection. *Id.*, 441 U.S. at 558 n. 39, 99 S.Ct. at 1884 n. 39. The courts in subsequent cases have also found physical contact relevant to the determination of whether the body-cavity searches were reasonable. *See, e.g., Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702, 711–14 (9th Cir.1989) (holding unconstitutional an LAPD policy requiring all arrestees charged with felonies to submit to body-cavity search in case where woman arrested for grand theft was forced to insert her fingers into her vagina and anus so that officers could determine whether she was concealing contraband); *Cole v. Snow*, 586 F.Supp. 655, 662 (D.Mass.1984) (noting that the body-cavity searches of a prison visitor involved "manipulation of her breasts and buttocks," then holding that the searches were unconstitutional), *affirmed in relevant part, Blackburn v. Snow*, 771 F.2d 556 (1st Cir.1985).

As in *Snow*, the Plaintiff here claims that her buttocks were grabbed during the search. The Court is uncertain what the Plaintiff meant by the word "grabbed." This could mean something as benign as an accidental touching or could refer to something much more invasive. The nature of this contact will bear upon the reasonableness of the search. *See Thompson*, 885 F.2d at 1447 n. 7 (noting that "[a] search that is in theory permissible in·a particular context may in fact run afoul of the Fourth Amendment if conducted in an unnecessarily cruel, painful, or dangerous manner"). The Court deems it unwise to rule upon the reasonableness of the search without first hearing more evidence on the nature of the alleged contact between the Plaintiff and Orozco. Therefore Defendant Orozco's first ground for summary judgment must fail.

■ Defendant Orozco also argues that summary judgment is proper because she is protected by qualified immunity. In evaluating a claim of qualified immunity, the Court must determine whether the officer's conduct violated "clearly established" law. In this case, questions of fact surround Orozco's conduct during the search. Did Orozco touch the Plaintiff's buttocks? If so, what was the nature of this contact? Without more evidence on these factual issues, the Court cannot determine whether Orozco's conduct violated clearly established law. *See, e.g., Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993) (holding that district court properly denied motion for summary judgment on unreasonable force claim under Fourth Amendment because of material issues of fact). Consequently the Court accepts the Magistrate's recommendation and rejects Orozco's second ground for summary judgment.

Defendant Orozco's final ground for summary judgment is based on the notion that she is not liable in her official capacity. Even assuming this to be true, she was also sued individually. Thus, as the Magistrate

L.Ed.2d 604 (1986). While the Plaintiff was charged with several "minor offenses," including DWI, resisting arrest, and evading arrest, she was also charged with assault on a peace officer.

At the time of arrest, the crime of assault on a peace officer was classified under Texas law as an aggravated assault punishable as a Class C felony.

noted, a ruling on this issue would not dispose of the claims against her. Orozco's final ground for summary judgment also fails.

Defendant Orozco's motion for summary judgment is DENIED. The Court's ruling does not preclude Orozco from filing a second motion for summary judgment if the record is further developed on the questions discussed herein.