**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAVAN A. GADLIN,

Plaintiff-Appellant,

v.

GARY WATKINS, Warden; C/O W.
WIEGERT; C/O S. JOHNSON; C/O
DAVID A. BORCYCZKOWSKI; JOE
ORTIZ, Executive Director of the
Colorado Department of Corrections;
ANTHONY A. DECESARO; AL
ESTEP; MAJOR TORNOSKI;
MAJOR DAY; CAPT. OUTEN; C/O
DAN FANDRICH; LT. E. SAMU;
RON WIMMER, Mental Health
Worker; C/O WILSON; C/O
UPDEGRAFF; SGT. MARLAR; LT.
D. ADAMS; SGT. ROMERO; LT.
DEGUELLE; LT. CAVALLI,

Defendants - Appellees.

No. 03-1313

District of Colorado

(D.C. No.03-Z-556)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Javan Gadlin is in the custody of the Colorado Department of

Corrections ("DOC") and is currently housed at the Limon, Colorado,

Correctional Facility.  Mr. Gadlin is appealing the district court's dismissal of his

complaint brought pursuant to 42 U.S.C. § 1983, which alleges that DOC officials

violated his constitutional rights.  After careful review of the record and

proceedings below, we affirm the district court's decision and dismiss this appeal.


## I.  Background

*Actions giving rise to this case*

Plaintiff instituted this action after two separate grievances filed with the

DOC were denied.  The first stems from Plaintiff's complaint that prison officials

were indifferent to his medical needs and that they failed to provide him with

additional toilet paper.  DOC responded to this complaint noting that Plaintiff was

provided with two rolls per week, as mandated by the DOC policy, and thus had

no basis to pursue his grievance.[1]  *See* Letter from Anthony DeCesaro (February

7, 2003), R. doc. 5.

---

[1] Because plaintiff complains only of constitutional violations and does not seek to have his prison privileges restored, we deem his administrative remedies to be exhausted.  *See* Letter from Anthony DeCesaro (February 7, 2003), R. doc. 5.

The second grievance involved DOC's actions to move Plaintiff and house him in a different part of the prison facility (apparently as a result of the ruckus he caused when his requests for toilet paper were denied). Plaintiff claimed that he could not move to the new cell because he was afraid of heights. (The new cell is apparently on the second or third floor of the facility.) Plaintiff assumed a limp position and refused to move, stating "you are going to have to carry me." Notice of Charges (October 25, 2002), R. doc. 5. As a result, the officers placed Plaintiff in a transport wristlock and moved Plaintiff to the new cell. Mr. Gadlin claimed that moving him despite his fear of heights demonstrated deliberate indifference to his health, and that he was subjected to cruel and unusual punishment during the course of the move. Informal Resolution Attempt (December 20, 2002), R. doc. 5.

Anthony DeCesaro, the DOC Grievance Officer, replied to Plaintiff's grievance, stating:

> You have not presented any witnesses that would corroborate your version of the facts. I could find no evidence of the use of excessive force such [as] a medical report or other report, outlining your injuries. You have also failed to specifically state the nature of your injuries, except the general terms of physical and psychological abuse. There are not specifics as to this abuse, except the unsubstantiated claim that you have a fear of heights and the unsubstantiated claim that you [were] injured by the "transport wristlock". Overall, no evidence was provided to me which would allow me to recommend any relief, therefore no relief is recommended.

Letter from Anthony DeCesaro (February 14, 2003), R. doc. 5.

*Procedural History*

Following the denial of both administrative grievances, Mr. Gadlin filed a complaint in federal court alleging: (1) a due process violation for being taken into segregation without any process or notice for requesting a roll of toilet paper; (2) an equal protection violation predicated on the theory that he was singled out for no other reason than "being an inmate of the black race," and that guards on numerous occasions "denied [plaintiff] the same rights enjoyed by white inmates"; and, (3) a claim that prison officials demonstrated deliberate indifference to his medical needs by taking him to higher floors of the correctional facility, despite known orders by the mental health officer that plaintiff was not to be housed on the upper floors. Compl. 5, R. doc. 5.

In response to Mr. Gadlin's complaint, the district court, through the magistrate judge, directed Plaintiff to amend his complaint. Specifically, the magistrate judge's order held:

> Mr Gadlin's amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. The amended complaint lacks the specific information necessary to give the defendants adequate notice of the claims being asserted against them. The complaint is not specific as to each defendant's personal participation in the alleged constitutional violations. In addition, Mr. Gadlin's claims are so lacking in supporting factual allegations that it is not possible for the court to link the claims asserted in the amended complaint with the claims Mr. Gadlin alleges he has

exhausted through the DOC's three-step administrative grievance process.

Order Directing Plaintiff to File Second Amended Complaint, dated May 8, 2003, at 3, R. doc 6.

Thereafter, Plaintiff filed a Second Amended Complaint. This subsequent filing did not correct the problems identified by the magistrate judge in the initial complaint. In fact, as to certain points, Plaintiff provided even less factual support for his claims than in his prior filing, and in general, repeated the same generalized allegations without substantively addressing the defects pointed out in the magistrate judge's order. Plaintiff did, however, somewhat shift the emphasis of his deliberate indifference claim, now arguing that he did not receive medical treatment for injuries caused by prison guards.

In response to the Second Amended Complaint, the district court dismissed the complaint as frivolous, pursuant to 28 U.S.C. § 1915a(b). The district judge retraced the analysis set forth by the magistrate judge, highlighting the lack of specific supporting facts to state a claim, as well as plaintiff's failure to link these allegations to the long list of defendants. Order and Judgment of Dismissal, dated July 10, 2003 at 3-4, R. doc. 11.

Plaintiff then filed a motion construed by the district court as a motion for reconsideration. R. doc. 18. The motion was denied on substantially the same grounds as the order dismissing the case. R. doc. 21. Thereafter, the district

court denied Plaintiff's motion to proceed on appeal to this Court *in forma pauperis* finding that "the appeal is not taken in good faith because plaintiff has not shown the existence of a reasoned nonfrivolous argument on the law and facts in support of the issues raised on appeal." Order Denying Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24, dated May 12, 2003, at 1-2, R. doc. 24 ("Order Denying Leave").

Mr. Gadlin's filings to this Court do not progress much beyond those submitted to the district court. His first issue on appeal complains that "the [district] Judge . . . abused her discretion, when working as the defendant's advocates," Appellant's Br. 18, while his second issue claims a denial of equal protection under the law. As in his filings below, Mr. Gadlin fails to allege facts in support for his claims or to identify the role that each defendant played in allegedly violating his rights.

## II. Analysis

We review the district court's dismissal pursuant to § 1915a de novo. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). We affirm the decision of the district court and dismiss this appeal as frivolous.

Plaintiff's complaint includes a long list of defendants, twenty in all. Yet despite repeated warnings, neither his original complaint, his amended complaint, nor his filings before this court indicate with the requisite degree of particularity

how or when any of the named prison officials engaged in the allegedly unconstitutional acts. As stated by the district court, personal participation is an essential allegation in a civil rights action, *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and there must be an affirmative link between the alleged violation and each defendant's participation, or failure to act or supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). These defects in the pleading are fatal to Plaintiff's claims.

Further, as noted at every stage of the proceedings below, Plaintiff has failed to allege facts with any specificity to support his assertions of constitutional violations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (vague and conclusory allegations need not be accepted by the court). To state an equal protection claim, plaintiff must allege that the government treated him differently than others who were similarly situated. *See Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985). However, Plaintiff has failed to point to any similarly situated white inmates who were given preferential treatment. Similarly, Mr. Gadlin has provided nothing more than conclusory statements that he suffered physical harm at the hands of prison officials; and a prisoner's claim cannot be premised merely on mental or emotional injuries. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered

while in custody without a prior showing of physical injury."). Thus, there is insufficient basis to pursue either of these claims.

Mr. Gadlin's due process claim is similarly lacking. Due process is only constitutionally guaranteed when a person is deprived of life, liberty, or property. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Unless state law or prison regulations provide a liberty interest, a prisoner has no right to be housed in a particular cell or amongst the general prison population. *See id.* We have previously held, under Colorado law, that a transfer to administrative segregation does not implicate the Due Process Clause. *Id.* Thus, Mr. Gadlin has no legal basis to challenge his placement in segregation and the claim was properly dismissed.

Because we deem this appeal frivolous we charge Mr. Gadlin with a strike under 28 U.S.C. § 1915(g). Plaintiff was warned at almost every stage that his complaint lacked factual and legal merit. The magistrate judge reviewed the complaint, found it deficient, and provided Plaintiff with an outline for curing the complaint. After he failed to do so, the district court dismissed the complaint and charged Mr. Gadlin with a strike. The district court subsequently reviewed the merits of Mr. Gadlin's motion for reconsideration and denied it. Lastly, when denying Plaintiff's motion to proceed *in forma pauperis* in this appeal, the district judge noted that the appeal "is not taken in good faith" and that Mr. Gadlin "had

not shown the existence of a reasoned, nonfrivolous argument." Order Denying Leave at 1-2, R. doc 24. Undeterred by any of these warnings, and without addressing any of the substantive concerns raised by the judges below, Plaintiff proceeded to file this appeal.

The judgment of the district court is AFFIRMED. Plaintiff's motion to proceed on appeal without prepayment of fees and costs is GRANTED, and he is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full. Because this appeal counts as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g), Mr. Gadlin will have earned a total of two strikes during the course of this litigation.

Entered for the Court,

Michael W. McConnell
Circuit Judge