**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

YOUNES YASSEIN,

    Plaintiff - Appellant,

v.

MATT LEWIS, and other unknown Law
Enforcement Agents,

    Defendant - Appellee.

No. 21-1436
(D.C. No. 1:21-CV-01026-RM-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.

_____

Younes Yassein, proceeding pro se,[1] appeals the district court's dismissal of

his complaint against Matt Lewis and "other unknown law enforcement agents," R. at

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Yassein proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

8, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Lewis is the former elected sheriff of Mesa County, Colorado.  Yassein filed a complaint against him along with a supporting memorandum stating the factual basis for his claims.  He alleged that while he and a companion were driving on Interstate 70 near Grand Junction, Colorado, en route to Las Vegas, Nevada, officers pulled him over, searched his vehicle, and seized over $152,000 in cash.  Yassein did not allege Lewis personally participated in the stop, but he did allege that Lewis "and at least one DEA supervisor" were liable for their "failure to train" the officers who did participate.  R. at 26–27.

Lewis filed a motion to dismiss under Rule 12(b)(6) and a motion to stay further proceedings (including discovery) until the court resolved the motion to dismiss.  Before issuing a recommendation on either motion, the magistrate judge ordered Lewis to provide "a brief contact report for the traffic [] stop which lists the primary contacting officer(s) and their work contact information, e.g., addresses." *Id.* at 6.  The magistrate judge further ordered that Yassein would have 14 days after the production to amend his complaint. In response to the order Lewis certified that he "provided Plaintiff with: (1) a two-page case report; (2) two, one-page Case Report Summaries; and (3) a one[-]page Incident Report, all containing the information identified by the Court."  Aplee. Suppl. App. at 70.  Lewis further certified that

2

Yassein had already obtained this same information through a "Criminal Justice Record Request" months earlier. *Id.* at 70

Yassein never amended his complaint. He did, however, file a motion requesting that the district judge "recuse himself for the reasons that he has a bias and is so prejudiced against this Defendant [sic] as to make a fair trial (or even a hearing) in his court impossible." R. at 49. Yassein filed a purported affidavit in support of his motion, listing prior adverse rulings the district court made and quoting anonymous online comments from parties who were critical of the district judge in other cases. Adopting the recommendation of the magistrate judge, the district court granted the motion to dismiss and denied the motion to recuse as moot.

## DISCUSSION

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted).

In claims for official misconduct like Yassein's, "[a] supervisor is not liable under § 1983 unless an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (internal quotation marks omitted). Yassein's complaint did not include any allegations establishing an affirmative link between Lewis and the

3

officers at the traffic stop, so the district court correctly concluded Lewis was not liable under § 1983.

Yassein's briefs are "wholly inadequate to preserve issues for review," consisting of "little more than attempt[s] to impugn (without basis) the integrity of the district judge." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840, 841 (10th Cir. 2005). Construed liberally, his briefs appear to assert only that the district court did not do enough to assist him in obtaining information about the other officers involved in the stop so he could amend his complaint. (He makes only the following comments that could be construed as complaining of inadequate discovery: (1) "Plaintiff was never allowed the discovery he needed (names of defendants) before his action was dismissed," Aplt. Br. at 2; (2) "Plaintiff was informed by the lower court that he had to furnish the names of those officers but then made it impossible for him to do so, as docket entries reflect," *id.*; and (3) "If the names of the other law enforcement officers involved in the December 6, 2019 incident were furnished to the Plaintiff perhaps this Court would furnish those names to this Plaintiff *now*," *id.* at 3.) But he provides no basis to conclude the court was obligated to do any more than it did or to conclude that Lewis failed to comply with the order to provide a "brief contact report." To the contrary, Yassein acknowledges Lewis's disclosure gave him "three (3) names." Aplt. Reply Br. at 9. And although he asserts the stop involved four to six officers, he does not explain why he did not amend his complaint to add even the three known parties as defendants or how his existing allegations against Lewis adequately stated a claim for relief.

4

To the extent we might also construe Yassein's appeal as challenging the denial of his motion to recuse the district judge, we would review the denial for abuse of discretion. *See Willner v. Univ. of Kan.*, 848 F.2d 1023, 1026 (10th Cir. 1988). But other than presenting anonymous online complaints from other litigants in other cases, Yassein points to no reason to disqualify the district judge, let alone reason to conclude the district court abused its discretion when it denied his motion, so we will not reverse on this basis.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge