F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CORTEZ DARNELL WALTERS,

    Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; STEER, Captain, SEAN
SWEEDEN; DARREN SWENSON,

    Defendants-Appellees,

and

MELINDA GUILFOYLE,

    Defendant.

No. 04-6067

(D.C. No. CV-03-422-R)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Cortez Darnell Walters, a pro se state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims pursuant to 42 U.S.C. § 1997e(c)(2) and 28 U.S.C. § 1915(e)(2)(B)(II) for failure to state a claim on which relief can be granted, and dismissal without prejudice of his supplemental state law tort claim against defendant Sean Sweeden.  We affirm in part, reverse in part, and remand.

Construing his submissions liberally, Walters contends the district court erred (1) in dismissing his claim for deprivation of property (a $150 check) by Corrections Corporation of America (CCA), which he alleged resulted from its policies and from inadequate training of its mail room employees; (2) in dismissing his claim for being deprived of access to state administrative grievance procedures; (3) in dismissing his claim against defendant Daren Swenson for failure to adequately supervise and train mail room employees, resulting in deprivation of his property rights; (4) in dismissing his claim that Sweeden violated his rights under the Eighth Amendment; (5) in dismissing his claims against Swenson and Steer for failure to discipline and supervise Sweeden to prevent the alleged Eighth Amendment violation.

This court reviews de novo dismissals under § 1915(e)(2)(B)(ii).  Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999).  Dismissals under § 1997e(c)(2) are also reviewed de novo.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th

2

Cir. 1998).

**Writ of certiorari**

Although it is unclear what relief Walters seeks from this court in his petition for writ of certiorari, it appears he is asking us to not rule on his pending appeal, but rather send his case directly to the United States Supreme Court. We must deny Walters request for the simple reason that it is the Supreme Court, and not any lower court, that decides whether it will take a case through the granting of a writ of certiorari.

**Access to state administrative grievance procedure**

Walters alleges various defendants deprived him of access to state grievance procedures, in violation of the Constitution. Although he references problems with the grievance procedures in his opening brief, it is unclear whether he actually is appealing the dismissal of those claims. Construing his brief liberally, we will consider the claims. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). As is evident from the file before us, Walters has not been deprived of access to the courts. Accordingly, any alleged denial of access to state administrative grievance procedures has not resulted in a violation of his constitutional rights.

**CCA policy deprived Walters of $150**

3

Walters alleged the CCA policies and procedures for mail handling deprived him of $150. He contends CCA's policies were deliberately indifferent to the proper handling of letters containing checks sent to prisoners where the return address and check were from the clerk of court rather than from an individual. He argues a check sent in such a manner should have been credited to his account, or at least information regarding the mail should have been logged/recorded before it was mailed elsewhere, including information regarding where the mail was sent. Walters asserts that as a result of CCA's mail handling policy, the $150 returned to him by the clerk of court was never credited to his account and was sent elsewhere without any record of where it was sent. He alleges that CCA's policies and inadequate training and supervision of its personnel deprived him of his property.

The magistrate judge and, in turn, the district court, relied on Hudson v. Palmer, 468 U.S. 517 (1984), and Parratt v. Taylor, 451 U.S. 527 (1981), to dismiss this claim. The magistrate judge noted the Supreme Court has "held that neither negligent nor intentional random or unauthorized deprivations of property under color of state law are actionable where a plaintiff has an adequate state post-deprivation remedy." Report & Recommendation at 4. The magistrate judge recommended that "[i]n light of the adequate post-deprivation state remedies, Plaintiff's claim for damages based on deprivation of property fails to state a viable claim under Section 1983." Id. at 5. The district court adopted the magistrate judge's findings and conclusions.

4

We disagree with the district court's reliance on <u>Hudson</u> and <u>Parratt</u> to dismiss Walters' claims arising out of the CCA mail handling procedures. "Both <u>Parratt</u> and <u>Hudson</u> deal with random and unauthorized deprivations of property rather than deprivations according to some established state policy, procedure, or custom." <u>Gillihan v. Shillinger</u>, 872 F.2d 935, 939 (10th Cir. 1989). In <u>Gillihan</u>, this court concluded where "the deprivation is not random and unauthorized, but is pursuant to an affirmatively established or de facto policy, procedure, or custom, the state has the power to control the deprivation." <u>Id.</u> As a result, in cases where the property deprivation is not random and unauthorized, "the availability of an adequate state post-deprivation remedy is irrelevant and does not bar a § 1983 claim." <u>Id.</u> at 940. <u>See also</u> <u>Gonzales v. City of Castle Rock</u>, 366 F.3d 1093, 1112 (10th Cir. 2004) (en anc) (<u>cert. granted</u>, 125 S. Ct. 417) (stating "when the deprivation is caused by established state procedures, the existence of an adequate remedy at state law does not extinguish a procedural due process claim"). Because Walters contends the prison procedures themselves created the risk of his being deprived of property and the ultimate loss of his property, the district court erred in determining his claims were subject to dismissal.

### Eighth Amendment

Walters also claimed that defendant Sweeden pushed him twice, violating his Eighth Amendment rights. Walters alleged in his complaint that the sole purpose of this application of force was to "cause fright and fear" and was inspired by Sweeden's anger

related to Walters reporting the names of employees he feared.  Although Walters alleged an improper state of mind, he did not allege he suffered any injury as a result of being pushed.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . .  Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal citations and quotations omitted).  "The Eighth Amendment's prohibition . . . necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations omitted).

Walters allegedly was pushed twice and stumbled, although there is no indication that he hit the floor.  In DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000), the Seventh Circuit considered circumstances similar to this case, although the physical injury there was more substantial.[1]  Officer Smith informed

> DeWalt that he was receiving the disciplinary report because he had filed a grievance against Officer Young and because correctional officers "stick together." As Mr. DeWalt walked away, he told Officer Smith his actions were unprofessional, whereupon Officer Smith jumped up and shoved Mr. DeWalt toward the doorway and into the door frame.  Mr. DeWalt suffered

---

[1] Although Walters mentions the possibility of amending his complaint, he has not suggested either in his objections to the magistrate judge's report and recommendation or before this court that such amendment would include adding some type of physical injury. Rather, he repeatedly has insisted a physical injury is not necessary to show an Eighth Amendment violation.

bruising on his back where he hit the door frame; the prison medical staff, however, did not note any visible injury and did not order x-rays.

Id. at 610-11. The court concluded that "Officer Smith's simple act of shoving Mr. DeWalt qualifies as the kind of de minimis use of force that does not constitute cruel and unusual punishment." Id. at 620.

As was the case in DeWalt, Sweeden's twice pushing Walters constitutes a "de minimis use[] of physical force" that "is not of a sort repugnant to the conscience of mankind." See Hudson, 503 U.S. at 10 (internal quotations omitted). Accordingly, Sweeden's alleged actions were not cruel and unusual under the Eighth Amendment.

Walters also raises claims against Steer and Swenson for improper supervision of Sweeden, failure to discipline Sweeden, and failure to protect him from Sweeden. However, "[a] supervisor is not liable under § 1983 unless an 'affirmative link' exists between the constitutional deprivation and . . . the supervisor's personal participation, his [or her] exercise of control or direction, or his [or her] failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). Because the assault and battery that Walters allegedly suffered does not rise to the level of a constitutional deprivation, Steer and Swenson cannot be held liable under § 1983.

The district court's dismissal of Walters' claims related to the alleged deprivation of property without due process as frivolous was erroneous and we REVERSE and REMAND for further proceedings with regard to those claims. As regards his other claims, we AFFIRM. Walters' motion to proceed on appeal without prepayment of fees

7

is GRANTED. Walters is reminded of his obligation to continue making partial payments toward the balance of those fees until they are paid in full. Walters' motion for a 15-day extension of time to make a partial payment toward fees is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge