**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MYOUN L. SAWYER,

　　　　　Plaintiff-Appellant,

　　v.

LEROY GREEN, JR., Sheriff,
Wyandotte County Sheriff's
Department; RANDALL
HENDERSON, Jail Administrator,
Wyandotte County Jail; PENNY
SAUNDERS, Commissionary
Supervisor, Wyandotte County Jail;
JEFFREY MERKIEL, Sergeant/
Supervisor, Wyandotte County
Sheriff's Department,

　　　　　Defendants-Appellees.

No. 08-3083

(D. of Kan.)

(D.C. No. 08-CV-3017-SAC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Myoun L. Sawyer appeals the district court's *sua sponte* dismissal of his pro se complaint.[1] In the complaint, Sawyer alleged Defendants—jail officials and the sheriff's office in Wyandotte County, Kansas—violated several of his constitutional rights during Sawyer's confinement in a county jail. Because Sawyer proceeded *in forma pauperis* (IFP) and was subject to 28 U.S.C. § 1915(e)(2)(B)(ii) requirements, the district court *sua sponte* dismissed the complaint for failure to state a claim.

We agree with the district court's reasoning and therefore DISMISS this appeal.

## I. Background

Sawyer's 42 U.S.C. § 1983 complaint alleges violations of several of his constitutional rights, all stemming from the following incidents.

In May, June, and July 2007, Sawyer, while incarcerated in a county jail, noticed allegedly erroneous transactions in his jail financial account. Although Commissary Supervisor Penny Saunders deducted the cost of three welfare kits, Sawyer alleges he did not receive any of them. And he alleges Saunders overcharged him for making copies. All in all, Sawyer claims his account is $12.55 short.

---

[1] Because Sawyer is proceeding pro se, we review his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In an unrelated July 2007 incident, Sergeant Jeffrey Merkeil pressed a Taser gun against Sawyer's back and pressed Sawyer against elevator doors during transport. Sawyer does not allege Merkeil actually activated the gun; it was simply pressed against his back. At the time of this incident, Sawyer was in restraints, hands behind his back.

Sawyer complained about the above incidents, but Jail Administrator Randal Hendersen and Sheriff Leroy Green, Jr. apparently failed to address the grievances.

## II. Discussion

Sawyer proceeded IFP below and is thus subject to the requirements of 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(ii), district courts must dismiss an IFP complaint if it "fails to state a claim on which relief may be granted."

We review de novo the district court's decision to dismiss an IFP complaint under § 1915(e)(2)B)(ii). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (quotation omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quotation omitted).

We conclude Sawyer failed to state a claim either related to his jail financial account or his incident with Sgt. Merkeil.

## A. Jail Account Funds

Sawyer argues Commissary Supervisor Saunders deprived him of property rights without due process. It is well settled, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Sawyer failed to allege that meaningful postdeprivation remedy was unavailable. In fact, the record contains a copy of his grievance filed in July 2007, challenging transactions concerning his financial account at the jail. And even if the grievance was indeed ignored, Sawyer could seek relief in state courts. *See* Kan. Stat. Ann. § 75-52,138 (requiring inmates to exhaust available administrative remedies before filing a civil action against the State of Kansas). Adequate postdeprivation remedy thus existed to redress the alleged intentional deprivation of Sawyer's jail funds. His claim therefore fails.

## B. Excessive Force

Sawyer also alleges Sgt. Merkeil inflicted cruel and unusual punishment by pressing a Taser gun against his back and holding him against an elevator wall during transit. Correctional officers violate inmates' rights under the Eighth

-4-

Amendment's Cruel and Unusual Punishment Clause[2] when they subject inmates to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quotation omitted). To determine whether an officer applied excessive force, we consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9–10 (quotations omitted).

Sawyer's allegations do not go beyond the minimum level of discomfort described in *Hudson*. Having a Taser gun pressed against his back and being pressed against elevator doors during transit does not bespeak malicious and sadistic application of force. Sawyer's excessive force claim must therefore be dismissed.[3]

---

[2] As the district court pointed out, it is not clear whether, at the time of that incident, Sawyer was a pretrial detainee or already convicted of a crime. But our analysis does not change. "Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Elberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).

[3] Nor are we persuaded that the jail and the sheriff's office authorities' apparent lack of response to Sawyer's grievances constitutes a constitutional violation. Procedurally, nothing more is required than Sawyer's ability to raise

(continued...)

## III. Conclusion

For the foregoing reasons, we DISMISS Sawyer's appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[3](...continued)
his constitutional claims in the courts, which he obviously has done here by filing a § 1983 complaint. *See Walters v. Corr. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Sawyer's dissatisfaction with the apparent disregard for grievances filed in connection with his excessive force claim is, accordingly, of no moment in this appeal.