FILED
United States Court of Appeals
Tenth Circuit

December 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN K. SHUE,

      Plaintiff - Appellant,

v.

LARAMIE COUNTY DETENTION
CENTER; SERGEANT PORTER,
Laramie County Detention Center
Deputy Sheriff, in his official
capacity,

      Defendants - Appellees.

No. 13-8064
(D.C. No. 2:11-CV-00307-SWS)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

    [*]    Having examined the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Marvin Shue, proceeding pro se,[1] appeals from the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mr. Shue additionally seeks leave to proceed *in forma pauperis* ("IFP") in this appeal.  For the reasons that follow, we **affirm** the district court's order dismissing Mr. Shue's action and **deny** him IFP status.

**I**

At all material times, Mr. Shue was incarcerated in pretrial detention at the Laramie County Detention Center ("LCDC") in Wyoming.  Prior to his incarceration at the LCDC, Mr. Shue had suffered a leg injury and undergone surgery.  Following his incarceration, he was given a post-surgery evaluation by medical professionals, who determined that Mr. Shue should be restricted from all physical activity and housed on a low-level floor and in a low-level bunk.

Mr. Shue suffered three injuries to his leg during his pretrial detention.  First, on the day of a scheduled court appearance, LCDC personnel left a pair of leg restraints on the floor of a hallway, while instructing prisoners to line up against a wall.  Mr. Shue tripped over the restraints while obeying the order to line up, causing injuries to his neck, back, and previously-injured left leg.

Second, following this hallway fall, the LCDC officers delayed getting Mr.

---

[1]     Though he was represented for much of the district court proceedings by appointed counsel, Mr. Shue is litigating this appeal pro se.  We liberally construe his pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Shue medical treatment until after his court appearance, though he was obviously limping. And, third, LCDC officers moved Mr. Shue to an upper-level floor a few weeks after his injury and stated that they did not care about his medical restriction to a low-level bunk and a low-level floor. While complying with the move, Mr. Shue fell and further injured his left leg. Mr. Shue was ordered back to a low-level cell the next morning. That evening, Sergeant Porter[2] apologized to Mr. Shue, admitted that there was no reason for the cell move, and explained that the move was a mistake by LCDC personnel.

Mr. Shue filed a § 1983 prisoner civil-rights complaint naming the LCDC and Sergeant Porter—in his official capacity—as defendants. The district court subsequently entered an order granting Mr. Shue's motion for appointment of counsel. Through counsel, Mr. Shue sought, and was granted leave, to file an amended complaint. The amended complaint is the operative complaint for purposes of this appeal.

Mr. Shue's amended complaint named the LCDC and Sergeant Porter—in his official capacity—as defendants, and contained a single claim alleging deliberate indifference to Mr. Shue's serious medical needs in violation of the

---

[2]     The district court and Mr. Shue refer to Mr. Porter as "Sergeant." On the other hand, in their answer brief, Appellees indicate that Mr. Porter actually is a corporal. Consistent with our standard of review, discussed in Part II.A.1, *infra*, we accept Mr. Shue's version of the facts, and thus refer to Mr. Porter as "Sergeant." However, Mr. Porter's precise rank is actually wholly immaterial to our resolution of this appeal.

3

Eighth Amendment. The defendants filed a motion to dismiss Mr. Shue's amended complaint for failure to state a claim upon which relief could be granted. The district court granted this motion and dismissed Mr. Shue's claims with prejudice. Mr. Shue now appeals.

## II

## A

### 1

Mr. Shue urges us to overturn the district court's dismissal of his action under Federal Rule of Civil Procedure 12(b)(6). "We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010); *accord ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1171 (10th Cir. 2011). In doing so, we "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006) (internal quotation marks omitted).

### 2

Proceeding under 42 U.S.C. § 1983, Mr. Shue claims deprivation of his constitutional right under the Eighth Amendment to be free from deliberate indifference to his serious medical needs while incarcerated. Mr. Shue's suit against the LCDC—a local governmental entity—is analyzed under the rubric of

municipal liability. And, we have recognized that "[s]uing individual defendants in their official capacities . . . is essentially another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).

As relevant here, a necessary condition for holding a municipality liable under § 1983 is the establishment of a constitutional violation by its officers or agents. *See, e.g.*, *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1155–56 (10th Cir. 2001) ("[E]ven if it could be said that Tulsa's policies, training, and supervision were unconstitutional, the City cannot be held liable where, as here, the officers did not commit a constitutional violation."); *accord Becker v. Bateman*, 709 F.3d 1019, 1025 (10th Cir. 2013); *see also Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) ("A county . . . cannot be held 'liable for constitutional violations when there was no underlying constitutional violation by any of its officers.'" (quoting *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002))).

But the commission of a constitutional violation by an officer or agent is not sufficient. In suits against municipal entities, "[s]ection 1983 . . . rejects the tort principle of *respondeat superior* and does not subject [such entities] to vicarious liability for the acts of their employees." *Milligan-Hitt v. Bd. of Trs. of Sheridan Cnty. Sch. Dist. No. 2*, 523 F.3d 1219, 1223 (10th Cir. 2008); *see City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found

5

liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983."). In order for a municipality to be held liable under § 1983 for a constitutional violation, the plaintiff must be able to establish "official policy as the moving force of the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *accord Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997); *City of Canton*, 489 U.S. at 389. Accordingly, when the defendant in a § 1983 action is a municipal entity such as a city or county, "[i]t is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable." *City of Canton*, 489 U.S. at 385 (omission in original) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)) (internal quotation marks omitted).

"[W]here the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985) (footnote omitted); *see Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under [*Monell*], unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal

6

policymaker." (citation omitted)); *cf. Olsen*, 312 F.3d at 1318 ("Although a single incident generally will not give rise to liability, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action." (citation omitted) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1999)) (internal quotation marks omitted)).

**B**

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Although the Eighth Amendment's protections do not directly apply to pretrial detainees, *see Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979), under the Fourteenth Amendment, pretrial detainees—like Mr. Shue—are likewise "'entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment," *Martinez*, 563 F.3d at 1088 (quoting *Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 307 (10th Cir. 1985)); *see Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013) ("[D]etention center officials surely owe pretrial detainees like Mr. Blackmon at least the same standard of care prison officials owe convicted inmates."); *Barrie v. Grand Cnty.*, 119 F.3d 862, 868 (10th Cir. 1997) ("The duty to provide access to medical care extends to pretrial detainees

7

as well." (internal quotation marks omitted)).

The *Estelle* deliberate-indifference standard "contains both an objective and

a subjective component." *Blackmon*, 734 F.3d at 1244.

> Objectively, the patient's medical needs must be "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Subjectively, the defendant-official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer* [*v. Brennan*, 511 U.S. 825, 837 (1994)]. This subjective standard lies "somewhere between the poles of negligence at the one end and purpose . . . at the other." *Id.* at 836. The Supreme Court has analogized it to criminal recklessness, to the conscious disregard of a "substantial risk of serious harm." *Id.* at 836–38.

*Blackmon*, 734 F.3d at 1244–45 (first and second alterations in original)

(omission in original); *see Mata*, 427 F.3d at 751 (discussing objective and

subjective components of deliberate indifference to medical needs under *Estelle*);

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (same). Where the

plaintiff's deliberate-indifference claim is premised on a *delay* in medical care,

such delay "only constitutes an Eighth Amendment violation where the plaintiff

can show the delay resulted in substantial harm." *Mata*, 427 F.3d at 751 (quoting

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)) (internal quotation

marks omitted). This "substantial harm requirement 'may be satisfied by lifelong

handicap, permanent loss, or considerable pain.'" *Id.* (quoting *Garrett v.

Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

**III**

8

## A

The district court found that Mr. Shue failed to state a claim on which relief could be granted for each of the three incidents alleged in the amended complaint as constituting deliberate indifference. Having reviewed Mr. Shue's amended complaint de novo, we affirm the district court's dismissal order. In particular, as to the first two incidents, it is patent that Mr. Shue failed to plead cognizable claims of deliberate indifference. And, absent the establishment of a constitutional violation by LCDC officers, there can be no basis for municipal liability. As to the third, relating to Mr. Shue's movement to an upper-level floor, even assuming *arguendo* that he has adequately alleged that certain LCDC officials acted with constitutionally prohibited deliberate indifference—effecting an Eighth Amendment violation—he has utterly failed to plead that the LCDC's policies were the moving force of that violation.

First, regarding the leg restraints left on the floor, Mr. Shue essentially alleges *negligence* on the part of LCDC employees, although the Supreme Court and this court have made it very clear that mere negligence is insufficient to establish deliberate indifference rising to the level of a cognizable Eighth Amendment violation. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (rejecting the notion that due-process "protections are triggered by lack of due care by prison officials"); *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999) ("[D]eliberate indifference is a stringent standard of fault. A showing

9

of simple or even heightened negligence will not suffice." (alteration in original) (citation omitted) (quoting *Brown*, 520 U.S. at 407, 410) (internal quotation marks omitted)).  Mr. Shue alleges that an LCDC officer left a leg restraint in his path and that an officer ordered Mr. Shue to continue walking forward, without recognizing the potential for Mr. Shue to slip and fall.  Such actions reflect no more than "ordinary lack of due care for the prisoner's interests or safety," *Farmer*, 511 U.S. at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (internal quotation marks omitted), and that is not enough.

Second, Mr. Shue's averments concerning the LCDC officials' delay in getting him medical treatment following his fall on the day of his court appearance objectively fail to evince deliberate indifference because Mr. Shue has not alleged any resulting harm, much less "substantial harm."  *Sealock*, 218 F.3d at 1210; *accord Mata*, 427 F.3d at 751; *Garrett*, 254 F.3d at 950.  He has simply alleged in conclusory fashion that the delay "constitut[ed] deliberate indifference to [his] serious medical needs."  R., Vol. 1, at 147 (Am. Compl., filed Nov. 14, 2012).  That averment is plainly insufficient.

Lastly, regarding the incident involving his relocation to an upper-level floor, even if we assume *arguendo* that Mr. Shue has adequately pleaded deliberate indifference, his averments would be insufficient to plausibly establish the liability of LCDC and Sergeant Porter, in his official capacity.  In this regard, we conclude that the district court's analysis of the legal import of this incident is

10

particularly persuasive and, in all material respects, we adopt it here. In particular, like the district court, we conclude that Mr. Shue is hard-pressed to show that the LCDC's policies were the moving force of any constitutional violation. Indeed, his express averments belie such a claim.

Mr. Shue has specifically alleged that Sergeant Porter told him that the move was a mistake that should *not* have been allowed under the LCDC's policies. *See id.* at 145 (alleging that Sergeant Porter told Mr. Shue (1) "that he should never have been moved at all"; (2) that "there was '*no reason*' for any of the moves to have occurred"; and (3) "that 'none of it should have happened'" and "they 'really messed up'"). Moreover, the LCDC policies that Mr. Shue claims were implicated by this incident—which relate to inmates' adherence to lawful staff orders and medical restrictions—cannot reasonably be viewed as anything other than constitutional on their face, and Mr. Shue has not alleged that those policies have caused repeated unconstitutional infringements. Consequently, in step with the district court, we conclude that Mr. Shue has failed to aver sufficient facts regarding this incident to establish "a plausible claim of relief against the [LCDC] or its officials." *Id.* at 191 (Order Granting Mot. to Dismiss, filed June 28, 2013); *see Tuttle*, 471 U.S. at 824.

**B**

**1**

Although the amended complaint (filed with the assistance of counsel and

11

thus not entitled to liberal construction) named Sergeant Porter only in his *official* capacity, Mr. Shue now appears to argue pro se on appeal that he intended to name Sergeant Porter in *both* his individual *and* official capacities. *See* Aplt. Opening Br. at 8 ("Appellees are being sued as an individual, and in their official capacity . . . ."). Section 1983 suits against government officials in their individual capacities present a host of issues that are distinct from such actions against officials solely in their official capacities; for example, qualified immunity is available as a defense in an individual-capacity action, but is not available in an official-capacity action—where the suit against the individual is essentially a suit against the municipality. *See, e.g.*, *Brown v. Montoya*, 662 F.3d 1152, 1163 & n.8, 1164 (10th Cir. 2011); *see also Becker*, 709 F.3d at 1022 ("While Officer Bateman is entitled to assert the qualified immunity defense, the City is not."). This basic point underscores why it would be entirely inappropriate for us to even consider permitting Mr. Shue to fundamentally alter the scope of his action on appeal to include an individual-liability claim against Sergeant Porter. Mr. Shue cannot predicate a claim for individual liability on the express terms of his amended complaint, and any late-blooming argument on appeal advancing such a theory is waived. *See, e.g.*, *Tele-Commc'ns, Inc. v. Comm'r*, 12 F.3d 1005, 1007 (10th Cir. 1993) (observing "[t]he general rule . . . that an appellate court will not consider an issue raised for the first time on appeal").

12

Mr. Shue's opening brief also could arguably be construed as making an additional contention—*viz.*, that it was error for the district court not to grant Mr. Shue leave to amend his complaint a second time. *See* Aplt. Opening Br. at 9 ("I believe that the court should have given me another chance to amend and remove the appointed counsel and appoint new counsel who had experience in the civil procedures."). Insofar as Mr. Shue makes such an argument, we summarily reject it because the record reveals that he never asked the district court for leave to amend. *See, e.g.*, *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We . . . have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *id.* at 1186–87 ("Deriving a consistent approach from our case law, we conclude that a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."); *cf. Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, --- F.3d ----, 2014 WL 6057216, at *6 (10th Cir. 2014) ("[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based.").

**IV**

For the reasons presented above, we **AFFIRM** the district court's order dismissing Mr. Shue's complaint under Rule 12(b)(6).  Because Mr. Shue fails to offer any "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted), we also **DENY** Mr. Shue's pending motion to proceed IFP on appeal.  Mr. Shue is reminded that he remains obligated to pay the full amount of his appellate filing fee.


Entered for the Court


JEROME A. HOLMES
Circuit Judge

14