**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

MICHAEL LEE STROPE, also known
as Gordon E. Strope,

Plaintiff - Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
MARCELLE MCGOWEN,
Investigator, Lansing Correctional
Facility; (FNU) ROBERTS, CO I,
Lansing Correctional Facility; (FNU)
PEREZ, CO I, Lansing Correctional
Facility; (FNU) HENDERSON, CO II,
Lansing Correctional Facility; (FNU)
RAYEZ, Lieutenant, Lansing
Correctional Facility; (FNU)
KITRELL, Lieutenant, Lansing
Correctional Facility; MIKE
NEVE, Deputy Warden, Lansing
Correctional Facility; RUDY
STUPER, Deputy Warden, Lansing
Correctional Facility; WILLIAM L.
CUMMINGS, Secretary of Corrections
Designee, Kansas Department of
Corrections,

Defendants - Appellees.

No. 04-3298
(D.C. No. 03-CV-3310-JAR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On July 30, 2003, Appellant Michael Strope, an inmate at the Lansing Correction Facility (LCF), filed a complaint in the United States District Court for the District of Kansas pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights by various LCF employees. [1] Among other claims, Mr. Strope alleged that the conditions at LCF constituted cruel and unusual punishment in violation of the Eighth Amendment because: at times he was not let out of his cell to eat; he was improperly given non-kosher food, including spoiled chicken; and he was not allowed enough time to finish his meals. On May 13, 2004, Mr. Strope filed a

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] LCF is a state prison located in Lansing, Kansas.

-2-

motion for a temporary injunction in which he asked the district court to issue an injunction ordering the defendants, among other things, to "(1) clean all tables in the prison dining hall; (2) allow inmates adequate time to eat by preparing Kosher meals in advance so that inmates do not have to wait in line for food; (3) serve healthy meals that provide nutritionally adequate food, specifically that no spoiled or undercooked food be served." R. Doc. 51 at 1 (district court order). The district court denied Mr. Strope's motion on the basis that he had not shown a substantial likelihood of success on the merits of his case.

As to Mr. Strope's complaints regarding not having adequate time to eat and being forced to eat spoiled food, the district court found Mr. Strope had not shown a substantial likelihood of being able to prove that the defendant prison officials acted with deliberate indifference to his health or safety. The district court found that the evidence, instead, suggested that the defendants were taking steps to correct these conditions. The district court referenced letters to Mr. Strope stating that action was being taken to address issues regarding the food service operation and that the food service provider was being asked to respond to Mr. Strope's complaints regarding the food, and evidence that videotapes of the dining hall had been reviewed to ensure that inmates had sufficient time to eat and that all "shift captains" had been directed to comply

with LCF's "General Order that inmates be given twenty minutes to eat." *Id*. at 4-5.[2]

On appeal, Mr. Strope argues the district court erred in finding he failed to show a substantial likelihood that the defendants acted with deliberate indifference regarding the spoiled food and the inadequate time to eat because any actions taken to correct the situation were merely pretextual. As support, he cites to affidavits presented to the district court alleging conditions had not changed in the month following his receipt of the prison officials' letters promising changes. He states that things got better "for a day or two [after complaints were made,] then right back to the same problem," Aplt. Br. at 3f (bolding omitted), and that "the Defendants have repeatedly promised changes [but], as with everything else, have failed to follow through," *id*. at 3f-3g.[3]

"[W]e review [a] district court's denial of a motion for preliminary injunction for abuse of discretion. A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where

---

[2] As to Mr. Strope's complaint that the tables in the mess hall were not adequately cleaned between prisoner shifts, the district court found that being made to eat at a dirty table does not pose a substantial risk of serious harm to inmate health or safety.

[3] Mr. Strope also makes factual allegations to this court not presented to the court below, which will not be considered on appeal. *See Young v. United States*, 394 F.3d 858, 861 n.2 (10th Cir. 2005) ("[The] general rule [is] that a federal appellate court does not consider an issue not passed upon below.").

there is no rational basis in the evidence for its ruling." *Valley Cmty. Pres. Comm'n v. Mineta*, 373 F.3d 1078, 1083 (10th Cir. 2004) (citation and quotation omitted).

Even if, for the sake of argument, Mr. Strope's allegations regarding the quality of food and the inadequate amount of time to eat are taken as true, and even if those allegations are considered to be of sufficient seriousness to warrant constitutional protection, we cannot say the district court abused its discretion in finding that Mr. Strope failed to show a substantial likelihood of being able to prove that the defendants acted with deliberate indifference.[4]

Therefore, the order of the district court dated July 29, 2004, denying Mr. Strope's motion for temporary injunction is AFFIRMED for substantially the reasons set forth therein. Mr. Strope is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[4] While prison officials may not indefinitely forestall deliberate indifference finding by assurances of remedial action that is never taken, the evidence before the district court did not show a sufficient pattern of negligence by prison employees or contractors.