**F I L E D**
**July 24, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL LEE STROPE,

      Plaintiff-Appellant,

v.

KATHLEEN SEBELIUS, Governor,
State of Kansas, WILLIAM
CUMMINGS, Secretary of
Corrections, KDOC, DAVID R.
MCKUNE, Warden, Lansing
Correctional Facility, COLLEEN
WINKLEBAUER, Deputy Warden,
Lansing Correctional Facility,

      Defendants-Appellees.

No. 06-3144
(D.C. No. 05-CV-3284-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Michael Lee Strope, a Kansas state prisoner, filed this *pro se* civil rights

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments by Kansas state and prison officials ("Defendants").[1] The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), and we affirm in part and reverse in part.

## I. Facts and Procedural History

In April 2003, Mr. Strope was approved for a kosher prison diet. His lawsuit claims that on multiple occasions between March 2005 and June 2005, the kosher meals were unacceptable. In particular, Mr. Strope asserts: that a "sour'd" turkey sandwich "made me sick to my stomach with severe cramps till [sic] 2 in the morning"; that the salads and oranges are routinely spoiled; and that on one occasion the kosher meal was "burnt beyond recognition." He alleges that these are examples of an "everyday and on-going" practice of the prison, which he claims "routinely" serves spoiled food to prisoners on a kosher diet. Because of the problems with the food, Mr. Strope claims that he

> continues to go to bed at night hungry from lack of proper foods, and continues to be deprived of an adequate kosher diet, and is forced to buy food products from the canteen to survive and balance out the

[1]This is one in a series of civil rights complaints filed by Mr. Strope. See, e.g., Strope v. Pettis, No. 05-CV-3059, 2006 WL 482915 (D. Kan. Feb. 28, 2006); Strope v. McKune, No. 05-3344, 2006 WL 246138 (10th Cir. Feb. 2, 2006); Strope v. Roper, No. 01-CV-3009, 2005 WL 1799214 (D. Kan. July 13, 2005); Strope v. Pettis, No. 03-3383, 2004 WL 2713084 (D. Kan. Nov. 23, 2004); Strope v. McKune, No. 03-3310, 2004 WL 1737694 (D. Kan. July 29, 2004), aff'd, 131 F. App'x 123 (10th Cir. 2005); Strope v. Gibbens, No. 01-CV-3358, 2002 WL 31898204 (D. Kan. Dec. 12, 2002); Strope v. Thomas, No. 98-CV-3354, 2000 WL 210399 (D. Kan. Feb. 16, 2000).

proper calories, vitamins, irons, niacins, proteins, and other required essentials to equal a balanced diet.

He asserts that the Defendants intentionally facilitated and were deliberately indifferent to these problems. Additionally, he claims that the Defendants conspired to retaliate against him for complaining about the food. Finally, Mr. Strope complains of the removal of state-issued fans from the "excessively hot and improperly ventilated" cell-houses. Mr. Strope seeks declaratory and injunctive relief, as well as compensatory and punitive damages for these allege violations of his First, Eighth, and Fourteenth Amendment rights.

The district court granted Mr. Strope's motion to proceed *in forma pauperis*, but dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). Mr. Strope timely appealed, and the district court granted his motion to proceed *in forma pauperis* on appeal.

## II. Discussion

### A. Standard of Review

We review § 1915(e) dismissal for failure to state a claim under a *de novo* standard. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from

-3-

them, in the light most favorable to the plaintiff. Further, we must liberally construe the allegations of a pro se complaint.

Id. (citations omitted).

### B. Analysis

#### 1. Eighth Amendment claims

A State must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Ramos v. Lamm, 639 F.2d 559, 570–71 (10th Cir. 1980). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002). To state a claim for food deprivation, a prisoner must allege both (1) a "sufficiently serious" deprivation of "the minimal civilized measure of life's necessities" and (2) "deliberate indifference" by prison officials to a "substantial risk of serious harm to an inmate." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998) (quotations omitted).

Although it is a close question, we conclude that Mr. Strope's allegations are barely sufficient at this pleading stage to require a response from the government. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (prisoner stated a cause of action under the Eighth Amendment by claiming "not just 'ransid food' [sic], but also a 'nutritionally deficient' diet"). Mr. Strope

-4-

claims that prisoners on a kosher diet are routinely served spoiled food, leaving them with an inadequate diet, and that Defendants are deliberately indifferent to (and that they intentionally facilitate) that problem. He also alleges facts that provide some support for such a claim. The district court, in concluding that Mr. Strope failed to state a claim, accepted assertions made by Defendants in replies to Mr. Strope's grievances, which were attached to Mr. Strope's complaint. However, to the extent those replies contradict the allegations made in Mr. Strope's complaint, we must ignore them at this stage of the case. We therefore reverse dismissal of Mr. Strope's Eighth Amendment claim as it relates to his food deprivation claim.[2]

It is unclear whether Mr. Strope seeks to appeal the district court's dismissal of his Eighth Amendment claim as to the removal of fans from the cell-houses. In any event, we affirm the dismissal of that claim. The rule is that "a state must provide within [a prisoner's] living space reasonably adequate ventilation." Ramos, 639 F.2d at 568. Mr. Strope claims that the prison lacks adequate ventilation, and that fans are necessary to control the "excessively hot" temperature and to provide ventilation. He further asserts that the high

---

[2]Although Mr. Strope's complaint states that he "continues to be deprived of an adequate kosher diet," he is not appealing the district court's conclusion that he "does not assert that he has been denied a Kosher diet." In any event, we agree with the district court that Mr. Strope's allegations do not state a claim for denial of his First Amendment constitutional right to a diet conforming with his sincere religious beliefs. See LaFevers v. Saffle, 936 F.2d 1117, 1118–19 (10th Cir. 1991).

temperatures make it hard to sleep. Although these conditions are no doubt uncomfortable, we conclude that Mr. Strope's allegations are insufficient to state a claim of violation of the Eighth Amendment.[3]

## 2. Retaliation claim

We also reverse the district court's determination that Mr. Strope failed to state a claim of retaliation. "[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263–64 (10th Cir. 2006) (quotation omitted). And, "prisoners have the constitutional right to petition the Government for redress of their grievances." Hudson v. Palmer, 468 U.S. 517, 523 (1984); see also Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996) ("[T]he jurisprudence prohibiting retaliatory acts against prisoners for reporting grievances is well-established."). We conclude that Mr. Strope has "allege[d] *specific facts* showing retaliation because of the exercise of [his] constitutional rights," Fogle, 435 F.3d at 1264. He claims that the kosher meals were scorched the day he filed one grievance, and that after filing a grievance about the burnt food, he was served a spoiled turkey sandwich that made him ill. We conclude that these allegations are substantial enough to require a response from the government.

---

[3]Furthermore, based on the exhibits attached to the complaint, it appears that fans are available for purchase in the prison canteen, and that the prison has a policy of providing fans to indigent prisoners. Mr. Strope does not contest these facts and does not claim that he lacks sufficient funds to purchase a fan.

**III. Conclusion**

Mr. Strope may very well be unable to prevail on his claims as the record is further developed. All we are holding is that it was error to dismiss his inadequate nutrition claim and his retaliation claim under § 1915(e). We therefore REVERSE dismissal of Mr. Strope's Eighth Amendment nutritionally inadequate diet claim and his First Amendment retaliation claim and REMAND for further proceedings. We AFFIRM dismissal of his other claims.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge