**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSEPH Z. WOMBLE,

Plaintiff - Appellant,

v.

JERRY CHRISMAN, Warden; TOMMY
SHARP, Deputy Warden, Mack Alford
Correctional Center,

Defendants - Appellees.

No. 17-7056
(D.C. No. 6:14-CV-00385-JHP-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Plaintiff-Appellant Joseph Z. Womble appeals from the district court's denial

of his motion for default judgment and dismissal of his Eighth Amendment claims

arising from his confinement at the Mack Alford Correctional Center (MACC) in

Stringtown, Oklahoma.  Mr. Womble sued several defendants in both their individual

and official capacities pursuant to 42 U.S.C. § 1983; only Jerry Chrisman (the

warden at MACC during the alleged violation) and Tommy Sharp (the deputy

warden) remain.  Womble v. Chrisman, No. CIV 14–385–JHP–SPS, 2017 WL

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

3392352, at *1–3, (E.D. Okla. Aug. 7, 2017). Mr. Womble raised three separate Eighth Amendment claims. The first was for inadequate nutrition, the second was for failure to screen inmates for mental illness, and the third was for inadequately maintaining bathroom and shower facilities and resulting unhygienic conditions. Supp. R. 17, 20–23. The district court dismissed both the official capacity and individual capacity claims against these defendants for failure to state a claim. Womble, 2017 WL 3392352, at *2–3. Mr. Womble filed a timely, pro se appeal.[1] Mr. Womble's pro se brief argued that the district court should not have denied his motion for default judgment, that the district court should not have dismissed his claims for failure to state a claim, and that he had stated a Fourteenth Amendment violation claim.[2] Pro bono counsel was later appointed to argue "whether Mr. Womble's allegations of food rationing and the weight loss it caused state a prima facie case for an Eighth Amendment violation."[3] Order, Womble v. Chrisman, No. 17-7056 (10th Cir. Sept. 26, 2018) (ECF No. 10592637). Exercising jurisdiction

---

[1] Although the district court received his notice of appeal after the deadline for such notice had expired, Mr. Womble properly relies on the mailbox rule pursuant to Fed. R. App. P. 4(c). In reaching this conclusion, we will grant Mr. Womble's request to supplement his October 17, 2017, response with a Rule 4(c)(1)(A)(i) declaration.

[2] We do not reach the Fourteenth Amendment claim because Mr. Womble did not raise it below. See Supp. R. 17.

[3] We nevertheless reach all the claims that Mr. Womble raised below because his opening brief preserved them. This court asked appointed counsel to argue the food deprivation claim only, and appointed counsel's compliance with that request should not act as a forfeiture or waiver of Mr. Womble's other appellate claims. Concluding otherwise would deny Mr. Womble his right to appeal through no fault of his own.

under 28 U.S.C. § 1291, we affirm in part and reverse in part because the district court should not have dismissed Mr. Womble's food deprivation and failure to maintain sanitary facilities claims, but it properly dismissed his inadequate inmate screening claim.

## Background

Mr. Womble filed his first complaint in September 2014, see 1 R. 7, and his first amended complaint in November 2015. See Supp. R. 16. The first amended complaint alleged the following facts related to the food deprivation claim.[4] Beginning in May 2014, Messrs. Chrisman and Sharp ordered that food be rationed in response to a growing population of inmates. Id. at 17, 20–21. Mr. Womble was served very small portions, and "spoiled meat, fruit and milk . . . on a regular basis" resulting in stomach pain, digestive damage, vomiting, and weight loss. Id. at 20–21. He lost 21 pounds between May 2014 and September 2015. Id. at 21. At some point, Mr. Womble informed Mr. Chrisman, Mr. Sharp, and Donna Vitoski (the food service manager at MACC) of these problems but was told that they did not have the budget to fix the problems. Id. According to Mr. Womble, Mr. Sharp said in June 2014, "[W]e will do nothing about the overcrowding, and you should be grateful you even get food." Id.

---

[4] We introduce the facts relevant to the inadequate inmate screening and facility maintenance claims when we analyze them.

Based on the allegations in the first amended complaint, the district court dismissed Mr. Womble's individual capacity claims because it concluded that Mr. Womble had not alleged facts to establish that "[Mr.] Sharp and [Mr.] Chrisman were 'deliberately indifferent' to plaintiff's personal safety." Womble, 2017 WL 3392352, at *3. Next, even though Mr. Womble's claims were not generalized overcrowding claims, the district court appeared to frame his complaint as one of overcrowding and determined that Mr. Womble had failed to allege facts showing that Mr. Chrisman and Mr. Sharp were responsible for the overcrowding. Id. In reaching this determination, the district court did not consider Mr. Womble's allegation that Mr. Sharp and Mr. Chrisman had ordered food rationing because it deemed the allegation conclusory. Id.

## Discussion

We review a district court's dismissal under Rule 12(b)(6) de novo and apply the same standards as the district court. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). We therefore accept all well-pled facts as true and view them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nevertheless, we need not accept as true the complaint's legal conclusions. Id. The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged support a reasonable inference that the defendant is liable. Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016).

4

Additionally, when a plaintiff appears pro se, the court liberally construes the complaint. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001) (quoting Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 806 (10th Cir. 1999)). Applying these standards, we conclude that the first amended complaint's allegations are sufficient to state a plausible food deprivation claim under the Eighth Amendment.[5]

To establish a prima facie § 1983 case against a supervisor, such as a warden, a plaintiff must allege sufficient facts to show that the defendants participated in the violation. Keith v. Koerner, 843 F.3d 833, 838 (10th Cir. 2016). Thus, a prison official cannot be held liable solely based upon his supervisory position. Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996). But a supervisor may be liable where "an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008) (quotation omitted) (quoting Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993)).

---

[5] Because we resolve this case in Mr. Womble's favor by looking only to the first amended complaint, we do not reach his argument that the district court abused its discretion in denying his attempt to supplement his pleading. See Aplt. Br. at 38–43.

## A. Inadequate Nutrition Claim

Prisons must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." Ramos v. Lamm, 639 F.2d 559, 570–71 (10th Cir. 1980). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006) (quoting Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002)). To state such a claim, an inmate must allege both an objective and subjective element. The objective element requires that the inmate allege a "sufficiently serious" deprivation that denied the inmate "the minimal civilized measures of life's necessities." Strope v. Sebelius, 189 F. App'x 763, 766 (10th Cir. 2006) (unpublished) (quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)). Next, the subjective element requires showing the prison official knew of and disregarded "an excessive risk to inmate health and safety." Barney, 143 F.3d at 1310 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Though we express no opinion on the merits, Mr. Womble has alleged facts sufficient to satisfy the personal participation, objective, and subjective requirements at this stage. Beginning with the personal participation requirement, Mr. Womble's first amended complaint alleged an affirmative link between the substandard portions and unfit food and the defendants. The complaint alleges that Ms. Vitoski was ordered to ration food by Mr. Sharp and Mr. Chrisman starting in May 2014 and that

6

Mr. Chrisman ordered Ms. Vitoski to divert funds from food to security. Supp. R. 21. Moreover, Mr. Womble complained to these three, yet they declined to take any action. Id. Taken as true, these facts are enough to show an affirmative link between the Defendants' personal participation and the food rationing. See Fogarty, 523 F.3d at 1162.

Whether Mr. Womble pled sufficient facts that Mr. Chrisman and Mr. Sharp personally participated in Mr. Womble receiving food unfit for human consumption is a closer question, but we conclude that their participation is plausible given the mandated liberal construction of the pro se complaint. Mr. Womble alleged that he informed Mr. Chrisman, Mr. Sharp, and Ms. Vitoski that "he was getting sick from the food because of the rationed food portions, the spoiled nature of the food and the infestation of cockroaches in the kitchen." Supp. R. 21. They responded that they did "not have the budget to fix these problems." Id. At that point, it is plausible that Mr. Chrisman and Mr. Sharp were on notice and declined to exercise control over the food service to correct the alleged problems.

Mr. Womble's first amended complaint also pled enough facts to satisfy the sufficiently serious deprivation requirement. Again, Mr. Womble alleged that he was continually served inadequate amounts of food, that he was served spoiled food on a regular basis, and that he became ill and lost 21 pounds between May 2014 and September 2015. Id. at 20–21. Although no published Tenth Circuit cases address with specificity what constitutes a substantial deprivation of food, other circuits have provided a rubric. See, e.g., Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998)

7

(court looks at the amount and duration of a deprivation). Accepting Mr. Womble's allegations as true and viewing them in the light most favorable to him, we conclude that Mr. Womble has alleged a sufficiently serious deprivation to survive a motion to dismiss because the rationing lasted more than 16 months, he lost 21 pounds, and he suffered from stomach pain, digestive damage, and vomiting. These allegations are analogous to those in Strope, 189 F. App'x at 766 (alleging spoiled food served "routinely" that caused stomach pain on at least one occasion).

Defendants argue that Mr. Womble's allegations are insufficient to show "any inherent or particular danger to Womble's health or safety." Aplee. Br. at 13. They note that Mr. Womble's alleged weight loss occurred over many months and only represents 1.3 pounds lost per month. Id. at 14. Further, they note that Mr. Womble provided no indication of how frequently "nutritionally inadequate" meals were served and cite cases holding that isolated instances of poor-quality food cannot support a conditions of confinement claim. Id. at 13–14 & n.4. We are not persuaded. Mr. Womble alleged more than isolated incidents; rather, he alleged a pattern occurring on a regular basis over many months. As for the argument his weight loss was minor given his starting weight, such a question is better left for later stages of litigation.

Turning to the subjective element, the district court determined that "[n]one of the facts alleged by plaintiff establishes that Defendants Sharp and Chrisman were 'deliberately indifferent' to plaintiff's personal safety." Womble, 2017 WL 3392352, at *3. We disagree. Mr. Womble alleged facts that, if true, show that Mr. Sharp and

8

Mr. Chrisman knew "of and disregard[ed] an excessive risk to inmate health and safety." See Barney, 143 F.3d at 1310 (quoting Farmer, 511 U.S. at 837). Whether the official had the requisite knowledge may be proved by circumstantial evidence. Farmer, 511 U.S. at 837. Thus, Mr. Womble only needs to "allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health or safety" to satisfy the subjective prong. Oxendine v. Kaplan, 241 F.3d 1272, 1277 (10th Cir. 2001) (quotation omitted); see id. at 1278–79. As noted above, Mr. Womble alleged that he informed Mr. Chrisman and Mr. Sharp of the serious problems, yet they responded that they did not have the budget to fix them. Moreover, Mr. Sharp dismissed Mr. Womble's concerns on a different occasion, allegedly telling Mr. Womble he should be grateful to even get food. Supp. R. 21. These allegations, viewed in the light most favorable to Mr. Womble, are sufficient to support the inference that Mr. Chrisman and Mr. Sharp knew of the risks posed by the rationing. See Farmer, 511 U.S. at 842 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

## B. Inadequate Screening Claim

Mr. Womble also alleged that Mr. Chrisman and Mr. Sharp were responsible for screening new arrivals at the MACC but failed to screen inmates before sending them to Womble's housing unit. Supp. R. 22. Mr. Womble alleges that he was housed with mentally and physically ill inmates as a result and that those inmates exposed him to communicable diseases, which caused him to experience nausea,

9

fatigue, and frequent bowel movements. Id. at 21–22. The district court properly

dismissed this claim because Mr. Womble alleged nothing more than supervisory

liability and has not alleged an affirmative link between Messrs. Chrisman and Sharp

and his injuries from the failure to screen.

### C. Inadequate Maintenance of Showers and Bathrooms Claim

Mr. Womble's amended complaint alleges his housing unit had too few

showers and toilets for the inmate population. Specifically, he says there were 11

working showers for 132 inmates, and Mr. Chrisman and Mr. Sharp refused to order

nonfunctioning showers to be fixed. Id. at 22–23. Mr. Womble claims that he fell

and injured his head, and developed an ear infection when one of the showers

flooded. Id. at 22. Mr. Womble also alleges that there was often only one

functioning bathroom available for 32 inmates in one portion of the dormitory in part

because inmates were housed in cells once set aside as bathrooms. Id. at 23.

According to Mr. Womble, the inadequate facilities required him to hold bowel

movements, exposed him to feces on two occasions,[6] caused him to soil himself, and

resulted in damage to his digestive system. Id. Mr. Womble alleges he raised the

issue with Mr. Chrisman and Mr. Sharp, but they ignored his complaint, stating:

---

[6] In his pro se appellate brief, Mr. Womble only challenges the inadequate bathroom
facilities, explaining that the toilets often overflowed exposing inmates to water,
urine, and fecal material. Aplt. Pro Se Br. at 7, 10; see also Reynolds v. Powell, 370
F.3d 1028, 1031–32 (10th Cir. 2004) (standing water in shower area did not pose a
substantial risk of serious harm even when plaintiff was on crutches).

10

"[N]othing can be done. This is a permanent situation, you'll just have to do your time." Id.

The Eighth Amendment requires states to provide inmates reasonably adequate sanitation and utilities such that an inmate's mental and physical wellbeing is not threatened. Ramos, 639 F.2d at 568. Mr. Womble's allegations that he had to hold bowel movements and that he was exposed to feces are enough at this stage to show a sufficiently serious threat to his physical and mental wellbeing. See DeSpain v. Uphoff, 264 F.3d 965, 974–75 (10th Cir. 2001). And, as with the inadequate nutrition claims, Mr. Womble has alleged that he informed both Mr. Chrisman and Mr. Sharp of the issue with the bathroom, yet he alleged that they dismissed his request. These allegations, viewed in the light most favorable to Mr. Womble, are sufficient to support the inference that Mr. Chrisman and Mr. Sharp knew of but disregarded the risks posed by the bathrooms. See Farmer, 511 U.S. at 842. Therefore, the district court should not have dismissed this claim under Rule 12(b)(6).

## D. Denial of Default Judgment

Last, Mr. Womble argues that the district court improperly denied his motion for default judgment. The district court denied the motion because it concluded that Mr. Chrisman and Mr. Sharp were not served properly. 2 R. 25–26. On appeal, Mr. Womble asserts that the two were properly served without citing the record or any authority other than Fed. R. Civ. P. 5 (without explaining how he satisfied Rule 5's requirements). Aplt. Pro Se Br. at 4. We therefore affirm the district court's denial

11

of Mr. Womble's motion for default judgment.  See Rios v. Ziglar, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) ("To make a sufficient argument on appeal, a party must advance a reasoned argument concerning each ground of the appeal, and it must support its argument with legal authority." (citation omitted)); Gross v. Burgraff Const. Co., 53 F.3d 1531, 1546 (10th Cir. 1995).

AFFIRMED in part, REVERSED in part, and REMANDED.  We GRANT Mr. Womble's request to supplement his October 17, 2017, response with a Rule 4(c)(1)(A)(i) declaration.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge