**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL MAYFIELD,

    Plaintiff - Appellant,

v.

PRESBYTERIAN HOSPITAL
ADMINISTRATION; BSO SHERIFF
DEPARTMENT; FNU LNU, Outside
agencies assisting Presbyterian Hospital
Emergency Room Staff 5/4/16;
ALBUQUERQUE AMBULANCE;
JOHN/JANE DOE; MDC,

    Defendants - Appellees.

No. 18-2016
(D.C. No. 1:17-CV-00398-MCA-KRS)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Earl Mayfield, a New Mexico inmate appearing pro se,[1] appeals the district court's

sua sponte dismissal of his complaint for failure to state a federal claim for relief.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mayfield also challenges the district court's imposition of a strike against him under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. We vacate the strike and remand for the district court to decide in the first instance whether Mayfield's allegation that he was deprived of food in retaliation for alleging grievances against prison officials states a claim (or could plausibly be amended to state a claim) for relief under 42 U.S.C. § 1983. We also vacate the district court's refusal to exercise supplemental jurisdiction. We otherwise affirm.

## I.

## A.

Mayfield appears to name as defendants Presbyterian Hospital ("Hospital"), Albuquerque Ambulance, the Bernalillo County Sheriff's Office ("BSO"), unnamed BSO officers and hospital staff, unnamed "[o]utside [a]gencies assisting Pres[byterian] Hosp[ital] . . . [s]taff [on May 4, 2016]" ("unnamed agencies"), and the Metropolitan Detention Center ("MDC"). ROA, Vol. I, at 4–6. While in BSO custody, Mayfield alleges that he started to experience "unbearable" chest pains and had BSO call the paramedics. *See id.* When the paramedics arrived, they loaded Mayfield onto an ambulance and transported him to the hospital. *See id.* at 8–9. Mayfield alleges that

---

[1] As with all pro se parties, we liberally construe Mayfield's pleadings. That is, the court can excuse a "failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or an "unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But we will not act as Mayfield's advocate by "searching the record" and "constructing arguments" for him. *Id.*

Albuquerque Ambulance violated the Health Insurance Portability and Accountability Act ("HIPAA") by "sharing [his] medical issues" with law enforcement because four law enforcement officers "follow[ed] the ambulance" to the hospital. *Id.* at 9.

At the hospital, Mayfield was admitted to an emergency room, handcuffed to the hospital bed, and given fluids by intravenous ("IV") therapy. *See id.* A hospital administrator asked Mayfield to sign two medical documents. *See id.* at 10. Mayfield signed one document but not the second. *See id.* at 11. Mayfield alleges that an unnamed BSO officer claimed to be Mayfield's guardian and forged Mayfield's signature on the second medical document. *See id.* at 12. Mayfield also alleges that the presence of law enforcement officers, hospital security, and other members of unspecified police agencies in his room violated his rights to medical privacy under HIPAA. *See, e.g.*, *id.* at 10, 13.

In the course of his medical treatment by the Hospital, Mayfield alleges that he was raped and drugged with "Cocaine, Meth, and some other drug" by the hospital staff. *Id.* at 13. He also suspects that unidentified persons attempted to murder him. *Id.* After Mayfield was discharged from the hospital, he asserts that the BSO took away his walker in violation of the Americans with Disabilities Act ("ADA"). *See id.* at 14.

Back in prison, Mayfield told the corrections classification officer about "all the above mention[ed] actions and violations of the law." *Id.* at 15. He alleges that he was then placed in a maximum-security cell. *See id.* While in maximum security, he alleges that MDC did not feed him for the next three to four days. *See id.* at 16.

On March 31, 2017, Mayfield filed a complaint that, liberally construed, alleged violations of his rights under the U.S. Constitution, HIPAA, ADA, and related state-law

3

claims. *See id.* at 4. He asked the court to award him money damages against the Hospital, Albuquerque Ambulance, the BSO, "John and Jane Doe" BSO officers and hospital staff, unnamed agencies, and MDC.

**B.**

The district court ruled that Mayfield's complaint failed to state a federal claim for relief and declined to exercise supplemental jurisdiction over any related state-law claims. *See Mayfield v. Presbyterian Hosp. Admin. BSO Dep't*, No. CV 17-00398 MCA/KRS, 2018 WL 550593, at *5 (D.N.M. Jan. 23, 2018). The district court construed Mayfield's federal constitutional rights claims as a suit under § 1983. *See id.* at *2. The district court held that the Hospital and Albuquerque Ambulance (both private entities) were not liable under § 1983 because their acts could not be attributed to the municipal government, and that BSO and MDC (both municipal subdivisions) could not be liable under § 1983 because they are not "persons" under the statute. *See id.* The district court dismissed the claims against the "John Doe BSO" officers because the complaint failed to provide adequate notice of the claims alleged against them. As for the non-§ 1983 claims, the district court dismissed Mayfield's HIPAA claim because that statute "does not create a private right of action for alleged disclosures of confidential medical information." *Id.* at *3 (quotations omitted). Likewise, the court found that Mayfield's "passing references" to the ADA were "wholly insufficient" to state a claim for relief. *Id.* The court then ruled that Mayfield's complaint could not be cured by an amendment and imposed a strike under the PLRA. *See id.* at 5–6.

4

Mayfield appealed. *See* Aplt. Br. On appeal, he argues that his complaint did state a federal claim for relief under § 1983 because BSO acted under color of state law and because he identified "John Doe BSO officer" by name. *See id.* at 3. He also believes the district court should have granted him permission to amend his complaint. *See id.* Lastly, he argues that the district court erred in imposing a strike against him. *See id.* at 4.

## II.

A district court must dismiss an *in forma pauperis* ("IFP") inmate complaint if, among other things, the complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A, 1915(e)(2). We review de novo a dismissal for failure to state a claim under the PLRA. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

## A.

A pro se litigant must "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840. Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Two points bear mentioning about this standard. First, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). The complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (emphasis original). Second, in

5

addition to providing notice, the complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). That is, the complaint must include well-pleaded facts that, taken as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Section 1983 makes liable state actors who violate constitutional or other federal rights. To state a claim for relief under § 1983, the plaintiff must allege "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The district court ruled that the Hospital and Albuquerque Ambulance did not act "under color of state law" because they are private actors. We agree; Mayfield's complaint fails to allege any facts indicating that the Hospital and Albuquerque Ambulance acted with "significant aid from state officials" or that their actions were in some way "chargeable to the State." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (describing the limited circumstances in which a private actor faces § 1983 liability).

The district court also properly dismissed Mayfield's claims against BSO and MDC. While "municipalities and other local government units" can be sued under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), "[a] municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted). "Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Id.* (quotations omitted).

6

Mayfield's complaint does not allege the existence of a municipal policy or custom sufficient to establish a plausible claim to relief under § 1983.[2]

Next, the district court held Mayfield's complaint failed to give fair notice to the unnamed BSO officers. *See Mayfield*, 2018 WL 550593, at *3. On appeal, Mayfield contends this holding was erroneous because he named "John Doe BSO officer." This argument is unavailing. Section 1983 plaintiffs may only "use unnamed defendants," if they "provide[] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). A complaint must "make clear exactly *who* is alleged to have done *what*" so that defendants can "ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins*, 519 F.3d at 1250. Mayfield's complaint falls short of that standard. His undifferentiated allegations against John Doe officers make it impossible to identify any BSO officer for service of process. And an officer would not know, on the basis of Mayfield's generalized allegations, what wrongdoing he or she is alleged to have committed. Mayfield's claims against the unnamed agencies suffer from the same shortcomings.

Lastly, we agree with the district court's dismissal of Mayfield's HIPAA and ADA claims. The district court rightly held that HIPAA does not create a private right of

---

[2] Although this is not the basis the district court ruled on, we may affirm for any basis present in the record. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) ("We have long said that we may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal.").

action.  *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").  Likewise, Mayfield's allegation that unnamed BSO officers took away his walker is insufficient to state a plausible claim to relief under the ADA.  *See J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (discussing elements of ADA claim).

In sum, Mayfield's claims against Albuquerque Ambulance and the Hospital fail because they are private entities; his claims against BSO and MDC fail because he did not allege the existence of a policy or custom; his claims against the unidentified BSO officers and unnamed agencies do not provide fair notice because he has not adequately described them or attributed specific acts to them; his HIPAA claim fails because HIPAA does not create a private right of action; and his ADA allegations fail to state a plausible claim for relief.  Accordingly, with one exception discussed in Part II.C. *infra*, we affirm the district court's conclusion that Mayfield's pleadings are insufficient.

**B.**

Generally, we review a district court's denial of leave to amend for an abuse of discretion.  *United States* ex rel. *Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017).  But when the "denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility."  *Id.* (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)).

8

On appeal, Mayfield does nothing to fix the deficiencies that blocked his claims at the district court. He does not explain how he would amend his complaint to allege facts that would make the actions of the Hospital or Albuquerque Ambulance in some way "chargeable to the State." *Lugar*, 457 U.S. at 937. He does not recognize the problems in his claims against BSO or MDC. He does not identify a BSO officer responsible for his alleged injuries. And he does not address the problems in his HIPAA and ADA claims. Rather, his A-12 form asks that we reverse the district court's judgment, or at least permit him to amend his complaint, because: "BSO act under of law" [sic]; "BSO is a police department"; and "John Doe BSO officer were name" [sic]. Aplt. Br. at 3–4 (capitalization altered). These statements, even reviewed under the lenient standard afforded to pro se litigants, do not call into question the district court's judgment or offer a basis for us to order that Mayfield be granted leave to amend his complaint. The law does not require the court "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994); *see Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (declining review where litigant summarily asserted error without offering "reasoned argument as to the grounds for the appeal").

## C.

The district court did not specifically address Mayfield's allegation that MDC deprived him of food for several days after Mayfield reported to the corrections classifications officer that he believed his rights had been violated at the Hospital. ROA, Vol. I, at 16. This allegation is more detailed than Mayfield's other contentions.

9

Mayfield describes the official he spoke with, the type of cell he was placed in, and the approximate length of time he was deprived of food. *See id.* at 15–16. He further claims that this deprivation occurred immediately after he reported official malfeasance. *See id.* Liberally construed, these allegations present a separate § 1983 claim for violation of Mayfield's Eighth Amendment rights, *see Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment."), and also a retaliation claim, *see Fogle v. Pierson*, 435 F.3d 1252, 1263–64 (10th Cir. 2006) ("[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." (quotations omitted)).

"Where an issue has not been ruled on by the court below, we generally favor remand for the district court to examine the issue," *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013), unless the "proper resolution is beyond any doubt," *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). We cannot conclude "beyond any doubt," *Singleton*, 428 U.S. at 121, that Mayfield's overlooked Eighth Amendment and retaliation charges fail to state (or could not be amended to state) a claim for relief such that dismissal is warranted at the pleading stage. *See, e.g.*, *Strope v. Sebelius*, 189 F. App'x 763, 765–66 (10th Cir. 2006) (unpublished) (holding inmate's allegations that, in part, he "go[es] to bed at night hungry" and was "deprived of an adequate kosher diet" were sufficient, at the pleading stage, to "require a response from the government" under § 1915(e)); *Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (holding that a state inmate had sufficiently pleaded a violation of the Eighth Amendment by alleging that prison

10

officials deprived him of food for 50.5 hours). Accordingly, we remand these claims to the district court.

## D.

After deciding that Mayfield failed to state a federal claim, the district court was left with only Mayfield's state-law claims. Because federal courts "should [generally] decline the exercise of jurisdiction" when only state-law claims remain, *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (quotations omitted), the district court dismissed the remaining state-law claims without prejudice. But, as we have explained, Mayfield may have an Eighth Amendment claim and a retaliation claim. We therefore vacate the district court's refusal to exercise supplemental jurisdiction and direct it to reconsider that question after it has resolved the issues addressed in Part II.C. *supra*.

## III.

We **GRANT** Mayfield's motion to proceed IFP. Mayfield is still obligated, under this ruling, to continue making payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(1). We **REMAND** to the district court to decide in the first instance Mayfield's claim of unconstitutional prison conditions and retaliation, including whether Mayfield should be given leave to amend his complaint on these claims. Accordingly, we **VACATE** the district court's refusal to exercise supplemental jurisdiction and its decision that Mayfield's complaint counts as a "strike" under the PLRA. *See Burnett v.*

11

*Miller*, 631 F. App'x 591, 605 (10th Cir. 2015) (unpublished).  We otherwise **AFFIRM**

the district court's judgment.


                          Entered for the Court


                          Allison H. Eid
                          Circuit Judge